*Exceptions overruled.*

## STENOGRAPHER CASES.

1.   JOSEPH MORIN *vs.* FULLER CLAFLIN, et al.
2.   CHARLOTTE A. NEAL *vs.* DANIEL H. RENDALL.
3.   JOSEPH YOKEL *vs.* INTERNATIONAL PAPER COMPANY & Tr.
4.   MARY A. DOWNING *vs.* LEROY S. SEAVEY.
5.   JOHN S. WILLIAMS in Equity, *vs.* COLUMBUS W. ELLIS, et als.
6.   MOSES CANTER in Equity, *vs.* PHILIP ADELSON.

Nos. 1, 2, 3 and 6, Androscoggin.   No. 4, Somerset.   No. 5, Piscataquis.

Opinion June 27, 1905.

*Jurisdiction of Law Court.   Report of Evidence.   Death of Official Court Stenographer.   R. S., c. 79, § § 32, 46; c. 84, § § 53, 161.*

1.   When by reason of the death of an official court stenographer, a party who has filed a motion for a new trial at law, or has taken an appeal in equity is unable to procure a report of the evidence, the law court has no authority to remand the case for a new trial, but must overrule the motion, or dismiss the appeal, for want of prosecution.
2.   The law court is a creature of the statute, and has no powers except such as are given it by statute.
3.   The statutory right of a hearing upon a motion for a new trial is conditional upon the furnishing the law court with a report of the evidence. This condition cannot be waived or dispensed with by the law court.

The first four of the above entitled cases are actions at law which were tried before juries and brought to the Law Court by the parties against whom the verdicts were rendered, on motions for new trials. The last two cases are equity causes and brought to the Law Court on appeals by the parties against whom the decrees were made.

The evidence in all these cases was taken by the same official court stenographer, the late Charles W. Small, who died before he had transcribed his shorthand notes of the evidence in any of the cases. Efforts were made to have his stenographic notes transcribed and translated into longhand, but it was found impossible to do this. For these reasons, no report of the evidence in any of these cases could be furnished.

The case is fully stated in the opinion.

1.   *McGillicuddy & Morey*, for plaintiff.
     *Newell & Skelton*, for defendants.
2.   *W. H. Judkins*, for plaintiff.
     *Oakes, Pulsifer & Ludden*, for defendant.
3.   *McGillicuddy & Morey*, for plaintiff.
     *Oakes, Pulsifer & Ludden*, for defendant.
4.   *L. B. Waldron*, for plaintiff.
     *Geo. W. Gower*, for defendant.
5.   *John S. Williams*, pro se.
     *Henry Hudson*, for defendants.
6.   *H. E. Holmes*, for plaintiff.
     *McGillicuddy & Morey*, for defendant.

SITTING: EMERY, WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SAVAGE, J. The first four of these cases are actions at law which have been tried before juries and brought to the law court by the parties against whom verdicts were rendered, upon motion for new trials based upon the usual grounds, that the verdict in each of the several cases was against the law and the evidence and the weight of evidence. The last two of the six cases are equity causes which were heard by a single justice and are brought here upon appeals by the

parties against whom the decrees were made. The evidence in all these cases was taken by the same official court stenographer, the late Charles W. Small, who died before he had transcribed his notes of the evidence in any of the cases, and, although efforts have been made to have his stenographic notes transcribed and translated into long hand by others, it is said that it has been found impossible to do this, and we assume that this is true.

It is provided by statute that: "When a motion is made in the Supreme Judicial Court to have a verdict set aside as against law or evidence, a report of the whole evidence shall be signed by the presiding justice, "R. S., c. 84, sec. 53; also in equity cases that "all evidence in the court below, or an abstract thereof approved by the justice hearing the case, shall on appeal be reported," R. S., c. 79, sec. 32. It is also provided that the official stenographer, who is appointed by a justice of the court, and who is, by statute, an officer of the court, " shall take full notes of all oral testimony, and other proceedings in the trial of causes . . . . and furnish for the use of the court, or any party interested, a fair legible long hand copy of so much of his notes as shall be required. He shall also furnish a copy of so much of the evidence and other proceedings taken by him, as either party to the trial requests, on payment therefor . . . R. S., c. 84, sec. 161.

The duty of having prepared a report of the evidence in support of a motion for a new trial, of presenting it to the presiding justice for his signature, and of producing it at the law court, is of course imposed upon the party who seeks to have the verdict of the jury set aside; and the duty of securing and presenting a report of the evidence in equity cases, or an abstract thereof approved by the justice hearing the case, is imposed upon the party who appeals from a decree. No report of the testimony of any kind has been presented in any of the cases, and this cannot now be done because of the death of the stenographer and the inability of any one else to read his shorthand notes. The moving parties in these cases, therefore, are unable to comply with the requirements of the statute; and we assume that there was no fault or laches on the part of any of them, in not procuring a copy of the evidence before the stenographer's

death. They have been placed in a position where they cannot prosecute their motions or appeals, because they are unable to show to the court, by reports of the evidence, that the verdicts and decrees appealed from were erroneous. These parties contend that they are entitled by statute to such a review, and having been deprived of it by misfortune, indeed, by an act of Providence, without their fault, they urge that the law court shall remand the cases for new trials below. They say that in view of the statute which gives the losing party the right, without limitation, of having his cause reviewed on motion or appeal, they ought not to be held to have lost that right, because, by reason of the death of an officer of the court, they are unable to produce reports of the testimony, that the administration of justice should not depend upon chance, and that a litigant's right of appeal, given him by law, should not be taken away from him by any occurrence, which can in no way be attributed to him, and which is beyond his control. And such views have been entertained by some courts, particularly in North Carolina, South Carolina, Louisiana and Texas, but whether under statutes like ours, we do not deem it necessary to inquire, for reasons to be stated later.

On the other hand, it is urged that if the law court possesses the power to remand these cases for new trials, it ought not to exercise it in these cases, either as a matter of right or of discretion, that while the parties prevailing below may not have any vested property rights in their verdicts, they have legitimately obtained certain advantages which they are entitled to keep, until it is shown affirmatively that they should be deprived of them for cause on the merits, that the verdicts must be presumed to be right until shown in the regular statutory manner to be wrong, that they themselves, being without fault, are entitled to retain the benefit of the presumption. They say we should not set aside a verdict presumably right, at the instance of a party presumptively wrong, merely because of the latter's misfortune, that to deny judgment upon a verdict presumably right and not shown to be wrong or improperly obtained is a denial of right, and hence an injustice, that if we set aside these verdicts because of possible injustice to their adversaries, we are quite as likely as not to do injustice to the parties prevailing below, and that they ought not

to be subjected to the contingencies and hazards of new trials, exposed as they will be, to the risk of the loss of evidence, of the death of witnesses or parties whose former evidence cannot be reproduced.

These various suggestions on both sides would be forceful arguments if the question were one addressed to our discretion. But we do not think it is. Such questions are not open for our consideration, for we think we have no authority to set these verdicts and decrees aside, under the conditions stated.

The law court in this state is not a constitutional court. It is not a court of original, or of common law jurisdiction. The court is created by statute, and has that jurisdiction only which the statute has conferred upon it, and that is a limited jurisdiction. It has no other authority. The state has the right in creating the law court to limit its powers, and to determine upon what conditions they shall be exercised. The court cannot properly exceed its statutory powers, nor dispense with the conditions imposed. While the statute grants the right to defeated litigants to bring their grievances to the law court for review, that is not a constitutional, nor even a common law right. The legislature has authority to repeal that statute, and withhold the right of appeal or motion, and compel suitors to be content with results reached in the trial courts. Or the right may be granted subject to such restrictions, limitations and conditions as the legislature may annex. "All the requirements of the statute for taking and perfecting an appeal are deemed jurisdictional, and must be strictly complied with, whatever be the method named." "The conditions required by statute as precedent to taking and perfecting an appeal cannot be modified or extended by any judge or court, without express statutory authority." 2 Ency. of Pleading & Practice, 16, 17, and note, and numerous cases there cited.

The statute, creating and fixing the general limits to the jurisdiction of the, law court, declares that "the following cases *only* come before the law court as a court of law: Cases in which there are motions for new trials *upon evidence reported by the justice.*" . . . "All questions arising in equity cases." R. S., c. 79, sec. 46. When the parties have complied with the statutory conditions, then the law court has jurisdiction; it has no jurisdiction otherwise. It can then

decide. It can then sustain or overrule the motion or appeal. To sustain or overrule a motion involves a decision. If we set aside these verdicts as urged, what ·do we decide? Not that they were wrong, but that they were possibly wrong, and that we can never know certainly whether they were wrong or right. The statute has not vested us with authority to make such a decision. The presumption that a verdict is right until shown to be wrong should protect it at least, until the defeated party brings himself within the statute. That he cannot bring himself within the statute is the· party's misfortune, and it may be to his injury. But however grievous it may seem to him, we think the statute has not confided to us the power to relieve him from his misfortune, any more than it has in other instances to relieve litigants of their many other misfortunes. The statute might have done so. The statutes do provide expressly in many cases for relief when parties have lost their rights by accident or mistake. In other instances parties are left to suffer the chances of litigious war, and the hardships, if any, must be borne by those upon whom they accidentally fall.

We feel compelled to place the foregoing construction upon the language of our own statute, whatever may be the conclusions reached by other courts, under other statutes of varying forms of expression. The court in Connecticut, however, in the recent case of *Etchells* v. *Wainwright*, 76 Conn. 534, a case analogous to these, reached the same conclusion that we have. In Connecticut the statute authorized the court to grant a rehearing, or new trial, for various specified causes, "or for other reasonable cause," but it also provided that the appeal should be accompanied by a finding of facts made by the trial judge. In the case cited the appealing party was unable, by reason of the death of the trial judge, before making a finding of facts, to perfect her appeal. She thereupon filed a motion in the Common Pleas Court for a new trial upon that ground, claiming it to be a "reasonable cause." The case was then reserved for the opinion of the Supreme Court. That court denied the motion, saying: "Except as we retain the common law remedy of writ of error, the entire system of appellate procedure, and generally the proceedings for procuring new trials, are in this state governed by statute. Here, as

generally in other jurisdictions, the conditions upon which appeals to courts of review may be taken and perfected, as well as the powers of different courts to grant new trials, are expressly defined and limited by statute, and the conditions required by statute as precedent to the taking and perfecting an appeal cannot therefore be modified or extended by any judge or court without express statutory authority," citing *Sholty* v. *McIntyre*, 136 Ill. 33; 2 Ency. of Pl. & Pr. 17. The court also said: "It would seem to be unfair to these defendants who have obtained a favorable judgment to impose upon them the burden and expense of a second trial, until it could be shown either that the first trial was in some way unfair or that some erroneous rulings were made at that trial." See *Lidgerwood Mfg. Co.* v. *Rogers*, 56 N. Y. Superior Court, 350, a case in which a stenographer had died without transcribing his notes, but in which, nevertheless, a new trial was denied. See also *Collins* v. *State (Kan.)* 60 L. R. A. 572.

These parties have had their constitutional day in court. They have been overtaken by a misfortune from which we have no authority to grant them relief. They must abide the result. Inasmuch as their motions and appeals cannot be prosecuted, they must be overruled for want of prosecution. In each of the cases of *Morin* v. *Claflin*, *Yokel* v. *International Paper Co.* and *Downing* v. *Seavey*, the entry will be " Motion overruled for want of prosecution," and the cases will be remanded for judgments on the verdicts below. The same entry will be made in the case of *Neal* v. *Rendall*, but the case will be retained upon the docket of the law court for argument and decision upon the defendant's exceptions. In the two equity cases the entry will be in each, "Appeal dismissed for want of prosecution, decree below affirmed," and the cases will be remanded for final decree accordingly below.

*So ordered.*