John A. Roberts, *Plaintiff in Error,* v. Firman Smith, *Defendant in Error.*

Opinion Filed Dec. 20, 1916.

Where the appellate court is impressed from the whole record in a cause that there is a strong probability that said cause has resulted in the court below in an injustice to the plaintiff in error, chiefly due to the probable loss or destruction of an original order of the County Judge authorizing a sale of the land in dispute on the application of the guardian for the defendant in error, then a minor, as well as an original order of such County Judge confirming such sale, it may, in order that complete justice may be done in the premises, reverse such cause and award a new trial thereof, with leave to the plaintiff in error to establish, if he can, under the statute in such cases such lost orders for use as evidence at the new trial of the cause.

Writ of Error to Circuit Court of DeSoto County; Jas. W. Perkins, Judge.

Judgment reversed.

*Treadwell & Treadwell,* for Plaintiff in Error;

*Dickenson & Dickenson,* for Defendant in Error.

PER CURIAM.—From the whole record in this case we are impressed with the strength of the probability that owing to the inflexibility of the rules of the common law, the case has resulted in an injustice to the plaintiff in error, chiefly due to the probable loss or destruction of the original order of the County Judge authorizing a sale of the land in dispute on the application of the guardian for the defendant in error, then a minor, as well as the original order confirming such sale. In order that complete justice may be done in the premises, it is, therefore, hereby ordered and adjudged that the judgment of the court below in said cause be and the same is hereby reversed and a new trial awarded, with leave to the plaintiff in error to establish, if he can, by appropriate proceedings under the statute in such cases, the said lost or destroyed order for the sale of such land and the order confirming such sale, such re-established orders to be used as evidence at the next trial of the cause.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.

SHACKLEFORD, J., (concurring.)—I concur in the conclusion reached by the other members of the Court

that the judgment should be reversed, but for the following reasons.

Firman Smith brought an action of ejectment against John A. Roberts for the recovery of the possession of the southeast quarter of the northwest quarter of Section twenty-nine (29), in township thirty-four (34) south, range twenty-three (23) east, containing about 40 acres. The declaration is in the usual statutory form, to which the defendant filed a plea of not guilty. A trial was had before a jury; resulting in a verdict and judgment in favor of the plaintiff.

Numerous errors are assigned by the plaintiff in error, who was the defendant in the court below, but I shall confine my discussion to such of them as seem to be necessary for a proper disposition of the case. The plaintiff undertook to trace his title back to the Trustees of the Internal Improvement Fund of the State of Florida and introduced documentary evidence to that effect, consisting of several successive conveyances, to which the defendant unsuccessfully interposed various grounds of objection. I shall not discuss the assignments based upon the respective rulings upon this evidence for the reason that it developed during the trial that the plaintiff and the defendant claimed the land through a common source of title. As we have several times held: "Where plaintiffs and defendants in ejectment claim land through a common source of title, or where the defendant himself produces evidence recognizing the existence and validity of a deed through which both parties plaintiff and defendant claim rights and interests in the land in controversy, errors committed in allowing improper evidence of the title, or improper proof of the execution of such deed on the part of the plaintiff are harmless." Mansfield and Bishop v. Johnson, 51 Fla. 239, 40 South. Rep. 196, 120 Amer. St.

Rep. 159. It is sufficient to say that the evidence establishes the fact that the plaintiff derived his title to the land from a conveyance executed by William D. Payne and wife to the plaintiff bearing date the 23rd day of October, 1894, at which time the plaintiff was an infant about five years of age, having become twenty-two years of age on the third day of December, 1915. The defendant sought to establish his title to the land in controversy by offering the following instrument in evidence:

"*This Indenture,* made and entered into this 13th day of September, A. D., one thousand eight hundred and ninety-eight, by and between E. F. Wilson, Commissioner of DeSoto County, State of Florida, party of the first part, and John A. Roberts, party of the second part,

"*Witnesseth,* That whereas Noah Smith, guardian for Firman Smith, minor of Noah Smith, having applied to the County Judge of said county for an order to sell certain real estate, the property of said estate, situate in DeSoto County and State aforesaid, and the said County Judge after due consideration of the same, being satisfied of the necessity of the sale thereof for the purposes of making other investments, did on the 13th day of September, A. D. one thousand eight hundred and ninety-eight, by his order of that said date, direct a sale of the real estate therein mentioned, belonging to said estate, and by said order appointed E. F. Wilson, Commissioner to advertise and sell the same at private sale.

"And the said Commissioner did on the 14th day of September, A. D., one thousand eight hundred and ninety-eight, bargain the property hereinafter described and sell the same to John A. Roberts, the said party of the second part herein, for the sum of Two Hundred Dollars, that being the highest sum offered for the same.

"And the Commissioner having made due report thereof to the County Judge aforesaid, the said Judge by his order dated the 14th day of September, A. D., one thousand eight hundred and ninety-eight did ratify and confirm said sale, and therein ordered a conveyance of said hereinafter described premises, to the said party of the second part hereto, by the said Commissioner upon the payment of the purchase money aforesaid.

"*Now Therefore,* in consideration of the premises and of the sum of Two Hundred Dollars, lawful money of the United States of America, to him in hand paid at or before the ensealing and delivery of these presents by the said party of the second part, the receipt whereof is hereby acknowledged, the said party of the first part hereto as Commissioner aforesaid, hath granted, bargained, sold, aliened, remised, released, conveyed and confirmed unto the said party of the second part and to his heirs and assigns forever, all that certain lot, tract and parcel of land, situate and being in_____in the County of DeSoto and State of Florida, known and described as follows to-wit:

"The Southeast quarter (¼) of the Northwest quarter (¼) of Section Twenty-nine (29) Township Thirty-four (34) South of Range Twenty-three (23) East, containing forty acres more or less.

"Together with all and singular, tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining,

"*To Have and to Hold* the same, the above described and hereby granted premises with appurtenances unto the said party of the second part and to his heirs and assigns, to his and their own proper use, benefit and behoof forever.

"And the said party of the first part, for himself, his heirs, executors and administrators, doth covenant to and

with the said party of the second part, his heirs and assigns, that in all things in and about said sale and this conveyance he hath conformed to the orders of this court and the statute in such case made and provided.

*"In Witness Whereof,* the said party of the first part hath hereunto set his hand and seal the day and year first above written.

"E. F. Wilson      (Seal)<br>"Commissioner.

"Signed, sealed and delivered in
the presence of us:
"W. H. Seward,
"A. E. Pooser.

"STATE OF FLORIDA,
"COUNTY OF DE SOTO.

"Personally appeared before me, County Judge in and for said County, to me well known as the person described in and who executed the foregoing Commissioner's Deed, and acknowledged that he executed the same as such Commissioner for the purpose therein expressed.

*"Witness* my hand and official seal this the 14th day of September, A. D. 1898.

*"A. E. Pooser*      (Seal)<br>"County Judge."

To the introduction of which conveyance the plaintiff objected on the following grounds:

"First: Because the same appears to be a deed of E. F. Wilson, as Commissioner, purporting to convey the interest of Firman Smith, a minor, through a certain proceeding in the Probate Court of DeSoto County, Florida.

"Second: Because the defendant has not shown a valid proceeding in the Probate Court of said County,

whereby the said E. F. Wilson, as Commissioner, was authorized to make conveyance of the said property of said minor.

"Third: Because no valid judgment or decree of any court of competent jurisdiction has been shown to authorize the execution of said deed conveying the minor's interest.

"Fourth: Because the Court of Probate, being a court of limited jurisdiction, before the introduction of the Commissioner's deed, the defendant must show compliance with the statutory proceedings and requirements of law, in order to authorize the execution and delivery of said deed.

"Fifth: Because until a compliance with the proceedings authorized by law for the conveyance of a minor's interest in land, a mere deed from a Commissioner would be coram non judice, and could not convey any title.

"Sixth: Because the deed in question appears to be a deed from a Commissioner, instead of guardian, as required by law.

"Seventh: Because before this deed can be introduced in evidence it must affirmatively appear that the court authorized the issuance of said deed, had jurisdiction of the parties and subject matter.

"Eighth: Because it had not been shown that any guardian had made application by petition for the sale of such land as required by law, nor notice by publication in the manner required by law, nor that any order of. sale was ever made by any court having jurisdiction to order the sale of such land, nor any report of such sale, nor order confirming such sale."

The trial judge sustained the objections and refused to admit such conveyance in evidence, one of the errors assigned being based upon this ruling. The defendant had

previously testified that he had been in possession of the
land since 1898, such possession having been delivered to
him by Noah .Smith, who was the father of the infant
plaintiff.   The defendant also introduced as a witness in
his behalf W. D. Bell, who testified as follows :

"That he is County Judge of DeSoto County, Florida,
and keeper of the Probate records of said county, and that
he had been unable to find the original papers in the
guardianship matter of Firman Smith, and that he had
made diligent search of his office for said papers.

"The witness then examined Book 'A', which is a book
kept in the office of the Probate Judge, in which is re-
corded letters of guardianship and testified that on page
38, it appeared that letters of guardianship were duly
issued to Noah Smith, of the person and property of
Firman Smith, but that he did not find that said guardian
had qualified.

"Witness further testified that in said Book 'A' there
appeared to be letters of guardianship appointing said
Noah Smith as such guardian of said infant, which said
order or letters of guardianship is dated on the 8th of
August, 1898; that said letters of guardianship were
issued by A. E. Pooser, then County Judge of said county,
and that a guardianship bond appeared of record in said
Book 'A' at page 34, that said bond was signed by the
principal, Noah Smith, and by William McLeod and A.
McLeod, and that said bond was in due form, and that in
order book 'B', at page 64, the oath of said Noah Smith,
as such guardian, is properly recorded, as well as the pe-
tigition signed by the said Noah Smith, and asking that he
be appointed as guardian of the person and property of
the said infant, Firman Smith.

"The witness further testified that on page 65 of said
book 'A' appeared, properly recorded, a petition signed

by the said Noah Smith, therein and thereby praying that he be authorized to sell the land in question, which petition was duly sworn to before A. E. Pooser, County Judge of said county; that at page 66 of Book 'B' of said records of the public records of said county, appeared notice of application to sell said minors land, which notice was in due form, and provided that thirty days after the date thereof, said petitioner, Noah Smith, would apply to the County Judge of said county, for an order to sell the land in question, which notice appeared to have been published in the DeSoto County News, said notice having been filed with the County Judge of said county on September 2nd, 1898. That he had examined Order Book 'B' as well as the records in his office, and was unable to find any other papers recorded or otherwise touching the guardianship matter of the application of said Noah Smith to sell the land in question. That he was unable to find any record in his office, made by the County Judge of said county, confirming the sale of the land in question by Noah Smith, guardian for Firman Smith, and that his records did not show that such an order was ever made, or if made, was ever recorded. That he had examined the order book page by page.

"On cross examination the witness testified that he found no order authorizing the sale of said premises by said guardian, either in the files, or recorded in the books in his office, nor did he find any other confirming said sale, or any order requiring further bond.

"In fact, that he found no papers other than those mentioned above."

The defendant also introduced as a witness in his behalf Noah Smith and offered to prove by him that he, the said Noah Smith, as guardian of Firman Smith, at the time he made application to the County Judge of DeSoto

County, for an order to sell the land in question, was present in the Judge's office: That he knew, of his own knowledge, that the said Judge granted him an order to sell at private sale the land in question. Whereupon the following proceedings took place:

"But the plaintiff did then and there object to said proffered testimony, on the grounds,

"First: That such testimony would not be the best evidence of an order and decree of the court for the sale of said land.

"Second: Because an order of sale and decree of the court for such purpose was required by law to be recorded in the County Judge's Office, where the land lies, and requires a confirmation of sale in order to convey any title of an infant in land.

"Third: Because it is not proper or competent to prove by parole testimony of this witness a decree of a court of record in this manner.

"And the said Judge did then and there sustain the objections interposed by counsel for the plaintiff, and would not allow the defendant to make the proof so offered to be made by said witness, to which ruling of the court the defendant then and there excepted."

One of the assignments is predicated upon this ruling. The defendant was recalled as a witness in his own behalf, whereupon the following proceedings took place:

"Witness testified that he had been in possession of said property since 1898, and that previous to that time he lived near Lily, in said county, about twelve or thirteen miles from the property in question; that he was familiar with the property in the neighborhood of this particular property prior to the time he purchased it; that he had lived in that neighborhood since 1881; and that he was familiar with the value of property in the

neighborhood of the property here in question, in 1898, and that he did not believe the property was worth over $150.00, and thinks he valued it at $200.00.

"Whereupon, counsel for the plaintiff did move the court to strike the testimony of the witness as to the value of the land at the time he testified about, because the same is immaterial and irrelevant to the issues in said cause.

"And the said Judge did then and there sustain the said motion and did strike said testimony and exclude the same from the jury, to which ruling and decision of the court, the defendant did then and there except.

"Whereupon counsel for defendant propounded to the said witness the following question:

"'Your answer was that you considered it worth $150.00, but that you agreed on a valuation of $200.00?' And the witness answered, 'Yes sir.'

"Whereupon, counsel for the plaintiff moved the court to strike the answer for the reason that the same is immaterial and irrelevant to the issues in the case.

"And the said Judge did sustain the said motion and did strike said answer and excluded the same from the consideration of the jury.

"To which ruling of the court the defendant then and there excepted.

"Whereupon, counsel for defendant propounded to said witness the following question:

"'Examine that deed and state whether or not it was executed and delivered to you by E. F. Wilson, Commissioner?'

"And the witness answered: 'It was.'

"Whereupon counsel for the defendant offered in evidence a deed signed by E. F. Wilson, Commissioner, dated on the 13th day of September, A. D. 1898, con-

veying to the defendant the property in question, for the purpose of showing that the defendant purchased, the property in question for full value and bona fide and free from any fraud and that such purchase was made from the Guardian of the infant Firman Smith.

"But to the reading of the same in evidence for the purpose aforesaid, the plaintiff then and there objected, on the following grounds:

"First: For the reason that it has not been first shown that any duly appointed, qualified and constituted Guardian of the infant Firman Smith, described in said deed has applied to the County Judge for leave to sell the said land by petition in the manner and form required by law.

"Second: Because it does not appear that any notice of application on the behalf of any guardian of the said, minor or administrator or executor of the estate, embracing the land described in the deed offered in evidence, has been published for the period required by law.

"Third: Because it does not appear that any court of competent jurisdiction has made and, entered any order of sale of the said land of the said infant or authorizing the sale thereof, or empowering, authorizing or appointing said E. F. Wilson as Commissioner to make such sale or to execute and deliver the deed offered in evidence.

"Fourth: Because it has not been shown that any court of competent jurisdiction has confirmed the said sale.

"Fifth: Because a period of five years possession under which defendant now offers this deed in evidence does not run against a minor.

"Sixth: It has not been shown that the proceeds of any Commissioner's sale of this land have been applied

bona fide to the object and purpose for which said sale has been made, nor that the money was received by the party entitled to the proceeds from the sale of this land under such procedure, to-wit, Firman Smith.

"And the Judge then and there sustained the said objection and would not admit the said deed in evidence for the purpose last above mentioned.

"To which ruling of the court the defendant then and there excepted.

"Whereupon, counsel for the plaintiff renewed his motion to strike the testimony of the witness as to what he regarded the value of the land in 1898, as being irrelevant.

"But the said Judge sustained the said motion and did strike the testimony of the said witness in regard to the value of the land in question in 1898, and excluded the same from the jury.

"To which ruling the defendant then and there excepted."

The defendant also recalled as a witness in his behalf Noah Smith and the following proceedings were had:

"Mr. Smith, state whether or not you sold in 1898, the Southeast quarter of the Northwest quarter of Section 29, Township 34 South, Range 23 East, in DeSoto County, Florida, to John A. Roberts?

"But to the propounding of said question, the plaintiff, by counsel objected because it has not been shown that the witness had any right or authority to sell the land in question, or any right, title or interest to the land described, and also because the deed will be best evidence.

"And the said Judge sustained the said objection.

"To which ruling the defendant then and there excepted.

"Witness further testified that he was Guardian for Firman Smith, the plaintiff in said cause.

"Whereupon, counsel for the defendant propounded to the witness the following question:

"Did you receive any money from John A. Roberts for the land in question?

"But to the propounding of the said question, the plaintiff objected on the following grounds:

"First:    That it is immaterial and irrelevant whether the witness received money, because the receipt of money merely would not convey the interest of the minor in this land.

"Second:    Because it does not appear that there was in fact any sale made under an order of the Probate Court for the said land in controversy.

"And the said Judge did sustain the said objection.

"To which ruling of the court the defendant then and there excepted.

"Whereupon counsel for the defendant propounded to said witness the following question, to-wit:

"Please state if after the receipt of this money whether or not you as such Guardian placed the said John A. Roberts in possession of said property?

"And the witness answered:    'Yes sir.'

"Whereupon, the attorney for the defendant propounded to the said witness the following question:

"Please state whether or not you applied the money so received by you for the use and benefit of Firman Smith?

"And the witness answered:    'I did, by supporting and raising him and educating him;' that was the reason why he sold said land.

"Whereupon, counsel for the plaintiff moved the court to strike the testimony of the witness relative to the selling of said property.

"And the said Judge did sustain the said motion to strike said testimony and exclude the same from the jury.

"To which ruling of the court the defendant then and there excepted.

"Whereupon, counsel for the defendant propounded to the witness the following question:

"How long have you lived in that neighborhood?

"And the witness answered, 'Twenty years.'

"Whereupon, counsel for the defendant propounded to the witness the following question:

"Were you familiar with the value of real estate in the neighborhood of this land during 1898?

"And the witness answered: He thought he was.

"Whereupon, counsel for the defendant propounded to the witness the following question:

"What in your opinion was said land worth in 1898?

"But to the propounding of said question, plaintiff objected on the ground that the same is immaterial and irrelevant to the issues in this case, and,

"Second: Because the witness is not qualified to testify in this matter.

"And the said Judge did then and there sustain the said objection.

"To which ruling of the court the defendant then and there excepted.

"Whereupon, the defendant propounded to the said witness the following question:

"Please state whether or not at the time you put Mr. Roberts in possession of that property there was any fraud

in any way between you and him in relation to said property, or the said Finman Smith.

"Whereupon, counsel for the plaintiff objected to the propounding of the said question upon the following grounds:

"First:   That it is immaterial and irrelevant under the issues in said cause.

"Second:   It has not been shown that there was in fact a sale made under an order of the Probate Court.

"And the said Judge did sustain the said objection.

"To which ruling of the court the defendant then and there excepted.

"Whereupon, the jury, at the direction of the Judge, was withdrawn from the court room, and while the said witness Noah Smith was upon the witness stand, the defendant, by counsel, stated to the court that he offered then and there to prove by said witness that he, the witness, in September, 1908, as Guardian of Firman Smith, in good faith sold to the defendant, John A. Roberts, the land in question, and for a valuable consideration; that in fact, he sold it for $50.00 more than he had been offered by any one in the neighborhood and that the sale of said land was made by him as such Guardian to the said Roberts in good faith, free from fraud, and was, in all respects, a bona fide transaction; that he, as such Guardian, received the proceeds of such sale and applied such proceeds to the object and purpose for which said sale was made.

"As to the matters so offered to be proved by said witness the plaintiff did then and there object on the grounds:

"First:   That the same is immaterial and irrelevant.

"Second:   Because there has not been shown any sale of this land in controversy made under an order of the Probate Court.

"And the said Judge did then and there sustain the said objection and would not permit the testimony of said witness to be offered.

"To which ruling of the court the defendant then and there excepted."

The defendant also sought to prove the value of the land in controversy at the time the conveyance was executed by E. F. Wilson, Commissioner, to the defendant by several other witnesses, who testified that they were acquainted with its value at the time, but the plaintiff objected to such witnesses testifying as to what such value was and the court sustained the objections and refused to let the witnesses so testify.

The defendant also sought to prove or to strengthen his title by the introduction of conveyances based upon certain tax deeds to the land and also introduced such tax deeds, all of which were subsequently stricken out on motion of the defendant. The plaintiff also made the following motion at the close of all the evidence:

"Whereupon, counsel for the plaintiff did move the court to instruct the jury to bring in a verdict in favor of the plaintiff in said cause in regard to the title and right of possession of the land in controversy in said suit, upon the ground that the defendant had not shown any title or right of possession to the land.

"Second: That the defendant had not traced his title to the Sovereign or to a grantor in possession at or near the time of his grant.

"Third: Because the defendant had not shown any title but only a naked possession for a period less than the statutory period required to ripen into a title by adverse possession, either under a claim of right or under a color of title.

"And in support of this motion, plaintiff, by counsel, hereby waives the right to have the jury assess damages for the uses and occupation of the said described premises and mesne profits therefor."

This motion was granted by the trial judge, who instructed the jury to bring in a verdict in favor of the plaintiff, to which ruling the defendant excepted and upon which he bases one of his assignments.

I have copied from the transcript such of the proceedings at the trial as I thought necessary or desirable to make this opinion intelligible, but, as I have previously stated, I shall treat only such of the assignments as I deem necessary for a proper disposition of the case. Undoubtedly, the proceedings during the trial were more or less irregular and neither the plaintiff nor the defendant exercised the proper care either in offering evidence or seeking to have the same excluded. The bill of exceptions is also in a state of confusion.

The defendant relies upon the following statute, which is Section 1724 of the General Statutes of 1906, Compiled Laws of 1914: "The title of any purchaser or his assigns who shall have held possession for five years of any real estate purchased for full value at any sale, free from fraud, made by an executor, administrator, or guardian, shall not be questioned by any heir, distributee or ward upon the ground of any irregularity in the proceedings or conveyances, if it appear that the proceeds of such sale have been applied bona fide to the object and purpose for which said sale shall have been made; nor shall such title be questioned by any one else who has received the money to which he was entitled, arising from said sale." This section originally formed Chapter 3134 of the Laws of 1879 and was brought forward, with some slight changes, by the Revisors as Section 1293 of

the Revised Statutes. The only case in which it would
seem to have been cited or discussed is Deans v. Wil-
coxon, 25 Fla. 980, 7 South. Rep. 163, wherein we held
that such act "does not apply to land of which there
was in fact no *sale* made under an order of the Probate
Court." This holding is of practically no service to us
in the instant case. The bill of complaint in the cited
case alleged that a certain described parcel of land was
as a matter of fact "never sold by the administratrix,
or advertised or offered by her for sale, or reported by her
as having been sold, advertised or offered for sale, not-
withstanding the recitals to the contrary in the deed."
By demurring to the bill the defendants admitted that
such allegation was true, consequently the statute which
we have copied above had no applicability, as this court
properly held. In the instant case the defendant offered
to prove as a matter of fact that the land in controversy
was sold by a commissioner under the order of the pro-
bate court as the property of the plaintiff and that the
commissioner executed a deed therefor to the defendant,
which deed the defendant produced and proffered in evi-
dence, all of which evidence was excluded by the trial
court on the objections interposed by the plaintiff. The
deed so produced, which we have copied above together
with the acknowledgment, presumably was the original,
though as to that the bill of exceptions is not entirely
clear. It does not appear that the same was ever recorded
in the public records so as to render the same admissible
without requiring proof of the execution, in accordance
with the provisions of Section 21 of Article XVI of our
State Constitution. If such deed had not been recorded
according to law, it was incumbent upon the defendant
to prove the execution thereof by competent testimony,
that is by one of the subscribing witnesses thereto, or,

when such subscribing witnesses are dead or without the jurisdiction of the court, by the introduction of evidence that the signatures of such witnesses are genuine. Groover v. Coffee, 19 Fla. 61. I would call attention to the fact that the acknowledgment of the deed by the Commissioner to the defendant was taken by A. E. Pooser, the County Judge at the time such sale was made. Such acknowledgment would seem to be incomplete in some respects, but, since no such point was made, we do not feel called upon to make any comments thereon. Of course, such acknowledgment is not evidence of all the recitals in the deed but simply may be considered in connection with the deed.

The defendant further offered to prove by Noah Smith, the father of the plaintiff, to whom the evidence had previously shown letters of guardianship had been duly issued of the person and property of the plaintiff, that as such guardian he had made application to A. E. Pooser, then County Judge of DeSoto County, but who was dead at the time of the trial of the instant case, for the sale of the land in controversy as the property of the plaintiff, who was then an infant, that the County Judge made an offer for the sale of such land at private sale, that such witness had in good faith sold such land to the defendant for the sum of $200.00, which was a fair market price for the land, had received the proceeds of such sale and had applied the same in "supporting and raising him and educating him," referring to the plaintiff, all of which evidence was excluded by the trial court. The defendant further offered to prove by other witnesses that they were familiar with the market value of the parcel of land at the time of the execution of the deed by Wilson as Commissioner to the defendant and that $200.00 was a fair price therefor, but the trial court

excluded such proffered testimony. I have given in a
very condensed form the substance of the evidence prof-
fered by the defendant and which was excluded by the
trial court. A fuller statement appears in the proceedings
of the trial which I have copied above.

I am of the opinion that Section 1724 of the General
Statutes, which we have copied above, is a most salutary
one, being of a curative nature, and should receive a
liberal construction. If as a matter of fact the guardian
of the infant plaintiff did under an order made by the
County Judge sell the land in controversy to the defend-
ant for the sum of $200.00, which was an adequate price
for the same at the time, being its reasonable market
value, and such sale was free from any fraud and the
proceeds arising therefrom had been applied bona fide to
the object and purpose for which such sale was made,
the defendant should be permitted to establish such
facts by competent testimony. To hold otherwise would
be in effect to defeat the very object of the statute. If
the order of sale was actually made by the County Judge
and the sale was made by a commissioner appointed by
him and such sale was confirmed, the fact that the
County Judge failed to record such order, as it was his
duty to do, ought not to be held to be sufficient to avoid
such sale. That the defendant had been in the actual pos-
session of the land for a period of time considerably more
than five years is clearly established by the evidence.

As I have previously stated, the bill of exceptions is
in a confused state, and I have had great diffi-
culty in determining just what was done at the trial.
Certain tax deeds to the land in question, together with
other deeds based thereon, were introduced by the defend-
ant and excluded on the motion of the plaintiff. I do not
feel called upon to closely consider these various rulings

or to discuss the same.   Suffice it to say that no reversible error has been made to appear to us in such rulings.   If as a matter of fact the defendant had the title to the land under the deed executed to him by the commissioner it was his duty to pay the taxes thereon and, as we have held, a tax deed can give no valid title to a party whose duty it was to pay the taxes.   Petty v. Mays, 19 Fla. 652.

I would add that, as the trial judge did not certify that the bill of exceptions contains all the evidence adduced at the trial, I am precluded from considering the sufficiency of the evidence to sustain the verdict, even if I felt inclined to do so.   See Webb v. Brown, 63 Fla. 306, 58 South. Rep. 27, which cites prior decisions of this court.

I am of the opinion that the trial court erred in excluding some of the proffered evidence of the defendant. What I have said is sufficient to indicate my views.   See Williams v. Richardson, 66 Fla. 234, 63 South. Rep. 446, Ann. Cas. 1916 D. 245, and Rhodes v. Hefferman, 47 Fla. 206, 36 South. Rep. 572.   I would also call special attention to the note on page 254 of Ann. Cas. 1916 D and the authorities there cited.   For these reasons I think that the judgment should be reversed.