CITY OF PUNTA GORDA, *Appellant*, v. CHARLOTTE REALTY & INVESTMENT COMPANY, a Corporation, *Appellee*.

Division B.

Opinion filed July 12, 1928.

Petition for rehearing denied September 24, 1928.

*J. H. Hancock* and *Hampton, Bull & Pencke,* for Appellant;

*Leitner & Leitner,* for Appellee.

PER CURIAM.—In a bill brought by Charlotte Realty & Investment Company, a corporation, against the city and others, it is in effect alleged that the complainant is the owner in fee simple of Lots 1 to 30, both inclusive, except Lot 12, Trabue Park Addition to Punta Gorda; that the land "is wild, unseated and unimproved and in the possession of no one and never has been"; that the land "is filled-in property and the lots lie between the sea wall and the parks, and it is the property that was originally in the Charlotte Harbor Bay"; that the defendants severally claim some interest in the land, which claims are ineffectual for stated reasons. The prayer is that it be decreed that complainant is the owner in fee simple of the land, that the defendants have no interest therein, and for appropriate injunctions and general relief.

By answer the city denied that the complainant is the owner of or has any right, title or interest in the land; denied that the land is wild, unseated, unimproved and in the possession of no one and never has been; and averred that the land was on the 6th day of January, 1885, dedicated by the then owners in fee simple, Isaac H. Trabue and his wife, to the town of Punta Gorda by a plat and dedication duly filed for record in the clerk's office of Manatee County, Florida, in which county the said property was embraced, and recorded in a plat of the town of Trabue, which was the name of the said City of Punta Gorda prior to incorporation, that said dedication has been subsequently confirmed by conveyance according to said plat; that the town of Trabue and later, the City of Punta

Gorda, at once duly accepted said dedication, went into possession of the property, same was used and enjoyed by the public for parks and street purposes since the year 1886, as said plat shows property herein described to be divided into lots and blocks as parks and to be connected with streets and said use has continually and uninterruptedly been carried on since the date of dedication; that for more than a period of twenty years, the town of Punta Gorda and the City of Punta Gorda and prior to that time, the town of Trabue, has accepted the possession and improvement of the lands herein described as parks and streets as a trust for the benefit of its citizens, which said trust it has never been authorized to alienate, delegate or surrender to private parties, nor has said town or said city ever alienated, delegated or surrendered the same to the complainant or to its predecessor in title or any other person or corporation.

The answer also denies that all of said property is filled-in property and admits that said lots lie between the sea wall and parks and denies that said property was originally in Charlotte Harbor Bay, but avers the truth to be that said property lies between what is known as the sea wall and Retta Esplanade, along a public street of said city; that a portion of said land is filled in land, which had been improved by dredging, the cost of which has been paid for by the City of Punta Gorda, but that a large portion of said land was part of the upland or park and was never covered by the waters of Charlotte Harbor Bay, but that said sea wall and fill were constructed for the purpose of preventing erosion and washing of the shore; that a portion of said lands, to-wit, that portions not filled in, has been, ever since the dedication thereof public parks and promenades of the town of Trabue, the town of Punta Gordo and the City of Punta Gorda. Other averments need not be stated here.

Upon allegations of a dedication to public use, affirmative relief was prayed as by cross bill of the city, that complainant's claim of title as against the city for public purposes be canceled of record with appropriate injunction, etc., and for general relief.

Complainant in answer to defendant's claim for affirmation relief denied that the property was ever dedicated by Issac H. Trabue, and wife to the City of Punta Gordo or the Town of Trabue, and says that if he attempted to do so, the said attempt of dedication was withdrawn before it was accepted and was never rededicated; denied that the Town has ever been in possesion of any part of the land in question which is the filled-in-land, and denied that the City had the fill made, and says that the fill was made by one A. K. Smith, the grantee of George S. Stone, and the defendant, the Town of Punta Gorda; denied that the Town of Punta Gorda is in possession of any part of the said filled-in-land or has any improvements situated thereon; and denied all other allegations of the said answer.

Complainant as a plea of *res adjudicata,* to the cross-bill, averred that in a suit between Norma Pepper and others, not parties here, and the Town of Punta Gorda, a decree was rendered enjoining the town from selling certain lands possibly covering some of the land here involved or from using the lands for other than park purposes. This plea was sustained and the city appealed.

Even if, in view of the apparent nature of the lands, the complainant's allegation of ownership be sufficient, Brickell v. Trammell 72 Fla. 544, 82 So. R. 211; Martin v. Busch, 93 Fla. 535, 112 So. R. 274, such ownership is denied by the answer. The plea showing an adjudication in a suit by other parties by which the city was enjoined from selling lands dedicated for public uses and enjoining the use of such lands for other than the public purposes designated

by the dedicator, is not a bar to the relief sought by the city upon the allegations by way of cross-bill.

Reversed.

WHITFIELD, P. J. AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J. AND STRUM AND BROWN, J. J., concur in the opinion and judgment.