PER CURIAM.
Appellant has moved this court for an order directing the official Court Reporter of the Third Judicial Circuit to promptly complete, certify and file with the clerk of the trial court a transcript of his notes taken in the trial of this case, or in the alternative show cause why he should not be subjected to such penalties as this court may impose for his failure so to do.
Final judgment was entered by the trial court on April 25, 1958. Designation of such parts of the proceedings as appellant deemed necessary for this appeal was served on counsel and a copy thereof served on the Court Reporter as required by rule 3.6(d) (2), Florida Appellate Rules, 31 F.S.A.
Appellant alleges that repeated attempts to procure from the Court Reporter a transcript of his trial notes have been to no avail, although the time for preparing, certifying and filing the transcript has long since expired. This delay on the part of the reporter has required appellant to seek and obtain an order extending its time for filing the record-on-appeal, and appellant apprehends that application for a further order of extension will be necessary unless the reporter is required to properly discharge the duties and obligations resting upon him under the statute and rules of this court with respect to certification and filing of a transcription of the trial notes in this case.
The statute requires the Court Reporter to report the testimony taken and the proceedings had in the trial of any civil action upon the demand or request of the attorney for either party.[1] Rule 3.6(j), F.A.R., requires that the reporter’s trial notes shall be transcribed, certified and filed with the clerk of the lower court, and appellant supplied with all copies ordered by him, within thirty (30) days after the filing and service of appellants designations. Rule 3.17, F.A. R., provides that the violation of any of the rules shall subject the offending person to such penalties as the court may impose.
Official court reporters are an arm of the court, charged with the duty of preserving a record of the evidence, and transcribing and certifying the record for use on an appeal. It has long been the practice to rely upon the availability of such record. Both the statute and the rule plainly require a strict accountability of the court reporter, as an official, for the proper performance of his duty.[2]
When the machinery for taking an appeal has been put in motion, certain well defined duties devolve upon clerks of the trial court, court reporters, and attorneys at the bar, to timely prepare and file the various documents necessary to an appellate review. Dereliction in the performance of their duties by any such official has the effect of obstructing the orderly administration of justice. Such dereliction will be neither countenanced or excused except upon a showing of good cause. The court will not look with favor upon the time worn excuse of “underpaid and overworked”. If an officer of the court is unable to discharge the duties which he has assumed within the time required by law, he will be expected to procure such additional assistance as will enable him to render the service which the proper performance of his duties requires.
Our modern system of appellate procedure is designed to effect a prompt and efficient disposition of appellate reviews. It rejects the outmoded concept that delay is an inherent attribute of appellate practice. To fulfil constitutional mandate that justice shall be administered without sale, denial or delay, each officer of the court must discharge his respective duties as required by law and the rules of the court. Per *391 formance within the time limitation fixed by the rules is of paramount importance.
It affirmatively appears that appellant has not served upon the official court reporter of the Third Judicial Circuit a copy of the motion which it has presented to us for consideration. This court is not disposed to impose penalties upon an officer who has not been served with a copy of the charges preferred against him, and who has not had an opportunity to appear and show 'cause, if he can, why penalties should not be imposed for alleged default in the performance of his duties.
The motion is therefore denied with leave to renew it with an accompanying certificate showing service of a copy thereof on the offending court reporter. Upon filing of such motion, accompanied by proof of service, a rule to show cause will issue.
STURGIS, C. J., and CARROLL, DONALD, and WIGGINTON, JJ., concur.

. F.S. § 29.02, F.S.A.

. Cleary Bros. Construction Co. v. Phelps, 1948, 156 Fla. 461, 24 So.2d 51.