173 So.2d 483 (1965)
Martha Stephens VAN SCOYOC and William L. Van Scoyoc, Appellants,
v.
Verdye Umstad YORK and Charlotte Paget, Appellees.
No. 4549.
District Court of Appeal of Florida. Second District.
March 17, 1965.
Rehearing Denied April 12, 1965.
*484 William G. Mitchell, of Giles, Hedrick & Robinson, Orlando, for appellants.
Leon H. Handley, of Gurney, Gurney & Handley, Orlando, for appellees.
SMITH, Chief Judge.
The plaintiffs-appellants obtained a judgment for damages against the defendants-appellees from which the plaintiffs appeal, assigning numerous errors, all pertaining to the inadequacy of the damages. In due time the plaintiffs filed their designation to the reporter for transcription of proceedings and thereafter the deputy official court reporter who attended the trial certified that he had inadvertently destroyed a substantial portion of his notes and therefore he could not transcribe that portion. The plaintiffs then filed their motion for an order by the trial court to complete the record-on-appeal. At the hearing the court determined that the parties could not agree upon a stipulated statement in accordance with Florida Appellate Rule 3.6 (h), 31 F.S.A., that the loss of a portion of the reporter's notes was not caused by any lack of diligence on the part of any of the parties, that it is material to the grounds assigned as error, that counsel for plaintiffs have made every reasonable effort to assist the court in re-establishing the missing testimony by submitting a summarized statement in narrative form representing plaintiffs' recollection of the trial proceedings but that the testimony included in the missing notes was of long duration, complex and technical and that it was impossible for the court to reconstruct the testimony or to provide narrative form statements or anything else to complete the record-on-appeal.
This cause is now before this court on the motion of the plaintiffs for an order *485 either remanding this cause to the trial court with directions that the trial court enter an order granting a new trial on the issue of damages only or relinquishing jurisdiction to the trial court for the purpose of that court hearing plaintiffs' extraordinary motion for new trial because of the court's inability to perfect the record-on-appeal.
It appears that the plaintiffs have already complied with the terms of a directive which we gave in Thomas v. State, Fla.App. 1964, 160 So.2d 119, in a similar situation where the reporter was unable to transcribe her notes. After complying with that procedure the plaintiffs here are unable to present to this court a record-on-appeal solely because an official reporter destroyed his notes. We must therefore determine what relief the plaintiffs should receive.
So far as our research discloses,[1] there are no Florida decisions determining what relief, if any, is available to an appellant in a civil case who is unable to perfect an appeal because of the loss or destruction by an official court reporter[2] of essential stenographic notes or similar misfortune.[3] The decisions from other jurisdictions on this and related questions cannot readily be reconciled.[4]
The appellate courts in some states have denied relief on the ground that their jurisdiction was limited to reviewing decisions of lower courts.[5] Others have held that relief was obtainable but that it must be sought through appropriate proceedings in a lower court.[6] At least one appellate court has directly faced and overcome the jurisdictional problem by expressly holding that it had the power to order a new trial *486 in order to protect its jurisdiction, which attached when the appeal was filed, and to protect the appellant's right of appeal.[7] The appellate courts of several other states have granted new trials apparently without expressly determining the question of jurisdiction.[8] Finally, in some jurisdictions the problem has been solved by statute.[9]
This court has acquired jurisdiction of the action and it has the right, power and duty to review it for error. As an incident to its power to require that it be furnished a complete and accurate record-on-appeal, we think this court necessarily has the power to award a new trial where, as here, essential records have been destroyed by an official of the lower court through no fault of the appellant.[10] Further, we think such power should be exercised where, as here, the misfortune was not discovered until after our jurisdiction attached and the record before us unequivocally establishes the appellant's right to relief. Consequently, we need not and do not determine what, if any, alternate procedures may exist for obtaining relief in these or similar circumstances.
The appellants' motion sets forth no facts or circumstances which authorize or require us to limit a new trial to the issue of damages. The facts that the plaintiffs' appeal is concerned solely with the adequacy of the damages and that no cross-assignments of error have been filed do not of themselves warrant such an order. Accordingly, a new trial is awarded on all issues.
Reversed.
ALLEN and ANDREWS, JJ., concur.
NOTES
[1] The parties have not filed briefs.
[2] The Supreme Court affirmed an order denying the defendant a new trial in a civil action because an unofficial stenographer employed by the defendant lost essential notes. Cleary Bros. Constr. Co. v. Phelps, 1945, 156 Fla. 461, 24 So.2d 51. The decision was predicated upon several factors: (1) the defendant's failure to exercise due diligence, (2) the defendant's failure to make any effort to reconstruct the testimony in narrative form, and (3) the fact that the stenographer was privately employed by the defendant and had no official status. The distinction between official and unofficial court reporters has been maintained. E.g., McGee v. Cohen, Fla. 1952, 57 So.2d 658. Both statute and rule of court contemplate a strict accountability by official court reporters. International Shoe Company v. Carmichael, Fla.App. 1958, 105 So.2d 389 (penalties or sanctions may be imposed for default in performing duties).
[3] In a criminal case this court denied a motion for new trial where the court reporter was committed to a mental hospital before he transcribed the testimony but other reporters were able to prepare a substantially correct transcript from his notes. Burton v. State, Fla. App. 1961, 128 So.2d 765 (cert. denied without opinion: Fla. 1961, 133 So.2d 645; 1962, 370 U.S. 905, 82 S.Ct. 1251, 8 L.Ed.2d 401.)
[4] Annotation: Inability to perfect record for appeal as ground for new trial. 13 A.L.R. 102, supplemented in 16 A.L.R. 1158 and 107 A.L.R. 603; Annotation: Death or disability of court reporter before transcription or completion of notes or record as ground for new trial or reversal. 19 A.L.R.2d 1098; 66 C.J.S. New Trial § 98.
[5] Yerger v. Bross, 1948, 68 Ariz. 104, 201 P.2d 121; Morin v. Claflin (Stenographer Cases), 1905, 100 Me. 271, 61 A. 782.
[6] Brooks v. National Shawmut Bank of Boston, 1949, 323 Mass. 677, 84 N.E.2d 318 (e.g., by motion for new trial prior to judgment in law action and by bill of review after final decree in equity). Other possible alternatives include a motion to vacate the judgment (see Murphy v. St. Paul Fire and Marine Insurance Company, 5 Cir.1963, 314 F.2d 30, referring to Federal R.C.P. 60(b), which is broader than our Florida R.C.P. 1.38(b), 30 F.S.A., because it authorizes relief from judgments for the five reasons set forth therein as well as for the following additional reason: "* * * (6) any other reason justifying relief from the operation of the judgment.") or an independent action in equity. Coan v. Plaza Equity Elevator Co., 1930, 60 N.D. 51, 232 N.W. 298.
[7] Moore v. Moore, 1958, 1 Storey 258, 51 Del. 258, 144 A.2d 765. In a criminal case, Richardson v. State, 1907, 15 Wyo. 465, 89 P. 1027, the Supreme Court of Wyoming held that it had no jurisdiction to entertain a motion for new trial as an original or independent proceeding but that, upon obtaining appellate jurisdiction to review a judgment, it had jurisdiction to order a new trial as a necessary incident to its power to require the furnishing of a correct or complete record on appeal.
[8] In Louisiana and North Carolina it has been the settled practice for many years to grant new trials where the loss or destruction of parts of the record would prevent an intelligent review on appeal. 13 A.L.R. 102, 111-114. Apparently, the same practice obtains in Missouri and Texas. Ibid. Numerous additional cases are cited in support of what is described as the majority rule that "where a party has lost the benefit of regularly taken exceptions, through no fault or negligence of his own, the appellate court will not determine the cause, but will award a new trial." Note, 12 American & English Annotated Cases, 1056.
[9] E.g., Fickett v. Rauch, 1947, 31 Cal.2d 110, 187 P.2d 402, and Baumgart v. Bryant, 1939, 184 Okla. 531, 88 P.2d 635, (statutes authorizing trial courts to vacate judgments or decrees and to grant new trials); Hoffart v. Lindquist, 1948, 182 Or. 611, 189 P.2d 592 (statute authorizing appellate courts to reverse and award new trial).
[10] Cf. Roberts v. Smith, 1916, 72 Fla. 537, 74 So. 299, where a new trial was awarded to avoid an injustice which otherwise would have resulted from the loss or destruction of the original records of a county judge. See also 18 F.L.P., New Trials, § 114. It is important to note that this court, unlike the court in Morin v. Claflin, supra at note 5, is a constitutional court and that under our constitution an appeal may be taken to this court as a matter of right. Compare Yerger v. Bross, supra at note 5, which indicates that an appeal in Arizona is a matter of privilege and not of right.