PER CURIAM.
Michael Moncer appeals the summary denial of his motion for postconvietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Significant portions of the copy of appellant’s motion contained in the record on appeal are illegible. Although the trial court’s order denying appellant’s motion was rendered only on February 18,1997, the clerk of circuit court has already destroyed the court file and committed it to microfilm; the clerk advises that no clearer copy of appellant’s motion is available.[1]
Under the circumstances, we are unable to review the propriety of the order denying the motion. Therefore, we reverse the order denying appellant’s motion for postconvietion relief, and remand with instructions that appellant be permitted to refile his motion within thirty days following the issuance of our mandate. Cf. Van Scoyoc v.York, 173 So.2d 483 (Fla. 2d DCA), cert. denied, 179 So.2d 214 (Fla.1965) (appellate court has power to grant new trial where records essential to appellate review destroyed by official of lower court through no fault of appellant).
Reversed and remanded.
DANAHY, A.C.J., and FRANK and NORTHCUTT, JJ., concur.

. The trial court initially denied appellant's motion as untimely, and appellant appealed. This court reversed and remanded with directions to the circuit court to conduct an evidentiary hearing to determine whether the motion was timely mailed. See Moncer v. State, 666 So.2d 558 (Fla. 2d DCA 1995). Apparently, it was during the pendency of that appeal that the court file was destroyed.