CAMPBELL, Acting Chief Judge.
Appellant challenges his judgment and sentence for capital sexual battery, two counts of lewd and lascivious acts, and three counts of handling and fondling. While appellant raises eight issues in this appeal, we find reversible error only in issues three, five, and seven.
In issue three, appellant contends that the trial court erred in admitting the out of court statements of the victim without making sufficient findings of fact to establish the reliability of the statements. We agree. The State concedes that the record is devoid of any findings of reliability, but contends that because the transcript implies that findings were made by the trial court, and because it is appellant’s burden to provide a complete record to the appellate court, the issue is waived. We disagree. The transcript is full of errors and inaccuracies due to the poor performance of the court reporter who is no longer employed by the reporting firm. A subsequent reporter reviewed the first reporter’s notes and indicated that on the first day of trial, the trial judge stated that she would be ruling on reliability after lunch. There is no record of such an “after lunch” ruling. The notes referred to could not be located. It is through no fault of appellant that the notes, if they once did exist, are no longer available. See Van Scoyoc v. York, 173 So.2d 483 (Fla. 2d DCA 1965).
Section 90.803(23)(c), Florida Statutes (1995) expressly requires that the trial court make specific findings of fact, on the record, as to the basis for its ruling with regard to the admissibility of child hearsay statements. See Hopkins v. State, 632 So.2d 1372 (Fla.1994); Garcia v. State, 659 So.2d 388 (Fla. 2d DCA 1995). The “failure to make specific findings not only ignores the clear directive of the statute, but also implicates the defendant’s constitutional right to confrontation.” Hopkins; State v. Townsend, 635 So.2d 949 (Fla.1994). If, in fact, such findings were made by the trial court, their absence in the record prohibits us from determining whether they were reliable.
In his fifth issue on appeal, appellant contends that the trial court erred in allowing the State to comment during closing argument that his absence from the proceedings constituted evidence of his guilt. We agree. Evidence of flight is admissible as relevant to the defendant’s consciousness of guilt where there is sufficient evidence that the defendant fled to avoid prosecution for the charged offense. See Shellito v. State, 701 So.2d 837 (Fla.1997); Escobar v. State, 699 So.2d 988 (Fla.1997). In the instant case, there was no evidence indicating the reason appellant failed to appear. While much of the transcript of this part of the trial is indecipherable, it appears that on the morning of the last day of trial, when court convened, appellant was not present. The trial judge and counsel discussed ways of noting appellant’s absence. According to the abysmal transcript available, the judge told the jury, “Thank you, ladies and gentlemen. The defendant is not here, but we’re still going to....” There then followed a line of indecipherable symbols, a blank half-page, then another line of indecipherable symbols, followed by a line of transcript, which read: “MS. ASSAID:” “I Ask [sic] that we not make a big deal.”
Before closing arguments, the trial court ruled that the State could comment on appellant’s absence, in particular, that it was evidence of his guilt. The defense objected there was no evidence that appellant “voluntarily absented] himself. ” Even so, the prosecutor began his closing by pointing out appellant’s “chair is empty.” He then suggested “the reason he really isn’t here is because yesterday after Lucy testified, after Zana testified, after Rita Hall came and took the stand and testified, he had enough. He’d come to realize_” The trial court overruled defense counsel’s objection.
Defense counsel argued that appellant had been out of custody for fourteen months, had always been present for all hearings and appointments, and that if appellant was going to flee because he was guilty, he could have done so long ago and that instead he may well be “dead on the side of the road.” After *996 a review of the transcript, we conclude that there was insufficient evidence to prove that appellant fled to avoid prosecution. The State’s repeated references to appellant’s absence and implications that the absence was due to his consciousness of guilt constituted reversible error since such improper comments were highly prejudicial and may have affected the jury’s verdict. See Merritt v. State, 523 So.2d 573 (Fla.1988); State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Finally, we agree with appellant’s argument in issue seven, that he is precluded from meaningful appellate review due to the many errors and inaccuracies in the transcript of the trial proceedings. Absent an adequate transcript and record, we cannot effectuate a meaningful review. As previously noted, the transcript in this case is abysmal. Accordingly, we reverse and remand for a new trial.
BLUE and FULMER, JJ., concur.