ON MOTION TO REMAND FOR NEW TRIAL

PER CURIAM.
In this eminent domain case, the appellants have appealed from a final judgment awarding them $445,000 as full payment for the taking of their property by the appellee. Their appeal concerns, in part, the amount of the compensation awarded to them for the taking. After they filed their designation to the court reporter for transcription of the proceedings, the reporter informed them that some of her notes taken during the trial were stolen and, therefore, a portion of the transcript is missing. The missing portions include much of the testimony of both parties’ property appraisers.
We relinquished jurisdiction to the trial court for the parties to attempt to reconstruct the record pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). Each side filed Statements of Evidence, as well as objections to the other side’s Statement. The court entered an order approving only a portion of the reconstructed testimony of both appraisers. In failing to approve the remainder of the testimony, the court stated it did not independently recall the balance of such testimony.
It is undisputed that the loss of a portion of the reporter’s notes was not caused by any lack of diligence on the part of any of the parties, that the parties have attempted to assist the court in re-establishing the missing testimony, and that the court could not reconstruct all of the missing testimony or otherwise complete the record on appeal because it lacked independent recall of this testimony. In addition, because the issue concerns the amount awarded for the taking, it would appear that the omitted transcript was relevant, if not crucial, to the outcome of this appeal. Accordingly, a new trial is ordered on all issues. See Van Scoyoc v. York, 173 So.2d 483 (Fla. 2d DCA 1965).
REVERSED and REMANDED for a new trial.
POLEN, C.J., WARNER and TAYLOR, JJ., concur.