# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-3036
Lower Tribunal No. 12-30059
_____

**Donnie D. Jackson,**
Appellant,

vs.

**Katrice M. Jackson,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Ilene F. Tuckfield, for appellant.

Hegel Laurent, for appellee.

Before WELLS, SHEPHERD and SALTER, JJ.

SHEPHERD, J.

ON MOTION FOR CLARIFICATION

On consideration of appellant's Motion for Clarification, the court grants the motion, withdraws the opinion issued on June 22, 2016, and substitutes the following in its stead.

In this appeal from a final judgment of dissolution of marriage, where the appellant, through no fault of his own, has been unable to provide this court with a transcript of the final hearing below, and the parties and the trial court have been unable to reconstruct the record, we are compelled to summarily reverse for a new trial.

Appellant, Donnie D. Jackson, filed a petition for dissolution of marriage, to which appellee, Katrice M. Jackson, answered and counter-petitioned. After a final hearing, which took place over four days, the trial court entered a final judgment adjudicating issues of parental responsibility and time-sharing regarding the parties' minor child, child support, alimony, equitable distribution of marital assets and debts, and attorney's fees and costs. Mr. Jackson filed his notice of appeal from that judgment on December 19, 2014. On January 16, 2015, appellant filed a notice of his request to the court reporting firm to transcribe the hearings held on March 7, March 21, April 2, and April 14, 2014. Soon thereafter, appellant's counsel was informed the court reporter who was present for the proceedings died on January 5, 2015 (allegedly the result of a suicide). A search for the court reporter's recordings or stenographic equipment, performed by the

2

court reporting firm and appellant's counsel, was unavailing. The parties subsequently attempted to reconstruct the record in accordance with Florida Rule of Appellate Procedure 9.200. Both parties filed their own recollection of the facts and objected to the other's version. The trial court denied a motion to supplement the record.

On appeal, appellant submitted an initial brief based on his recollection of the facts, challenging the trial court's rulings on timesharing, alimony, child support, distribution of assets and attorney's fees. Appellee moved to strike the brief as filed and requested this court affirm on the basis of Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979). While we agree that appellant may not file a brief without record support, due to the unusual circumstances in this case, a remand for a new trial is warranted. The lack of a record was not due to appellant's lack of diligence in obtaining a court reporter or promptly requesting a transcription for appellate purposes. Additionally, appellant followed the procedure set forth in Rule 9.200 in an attempt to reconstruct the record but was unsuccessful when the opposing party objected to his recollection of the facts and the trial court could not reconcile the two versions provided by the parties. See Van Scoyoc v. York, 173 So. 2d 483, 483 (Fla. 2d DCA 1968) ("[T]his court necessarily has the power to award a new trial where, as here, essential records have been destroyed by an official of the lower court through no fault of the

appellant."); see also 9863 West Atlantic Avenue, Inc. v. Florida, Dep't of Transportation, 814 So. 2d 460 (Fla. 4th DCA 2001); compare Chisholm v. Chisholm, 538 So. 2d 961 (Fla. 3d DCA 1989) (dismissing appeal for lack of record where appellant made no attempt to reconstruct the record).

Accordingly, we affirm the judgment of dissolution, but reverse the trial court's rulings on timesharing, alimony, child support, distribution of assets and attorney's fees and remand for a new trial as to these matters.