CAWTHON, VICTOR M., Associate Judge.
The record in this case reveals that the plaintiff Harper and the defendants, as well as the plaintiff’s assignor, a group referred to as the Levin Group entered into a contract on October 1, 1969, the pertinent provisions of which were as follows:
(1.) All prior agreements between Wer-ner, Industries, Harper, Harper-Smith, and the Levin Group are hereby revoked.
(2.) That the Levin Group has paid approximately Eighteen Thousand Dollars ($18,000.00) prior to this time, performed a number of legal services as well as other services, and they further promise to pay Twelve Thousand Dollars ($12,000.00) cash immediately upon the execution of this agreement and an additional Twelve Thousand Dollars ($12,-000.00) cash within ninety days, said monies to be used for the expenses of Werner in attempting to develop the retrievable bit drilling system and for the expenses incurred in developing the retrievable bit drilling system.
(3.) Harper and Harper-Smith agree to exert all efforts necessary to help in the development of the retrievable bit drilling system and further in the event that more monies are needed, to help get said monies for the purpose of development of the retrievable bit drilling system.
(4.) That as soon as practicable after the execution of this agreement, Werner shall transfer any and all rights which he may own in the retrievable bit drilling system and all component parts thereof, including any and all patent rights, into Industries; and
(5.) That in return for the above considerations, Industries shall issue to Werner fifty (50%) percent of its original authorized capital stock, Industries shall issue to the Levin Group eighteen (18%) percent of its original authorized capital stock; and Industries shall issue to Harper, seven (7%) percent of its original authorized capital stock; and it is agreed that any additional authorized capital stock up to one million shares shall likewise be divided with fifty (50%) percent to Werner, eighteen (18%) percent to the Levin Group and seven (7%) percent to Harper.
The complaint as amplified by a more definite statement alleged payment of $25,000.00 by the Levin Group toward the purchase of the stock, in Industries the assignment of the rights of the Levin Group to the plaintiff and that the securities were not registered as required by Chapter 517 Florida Statutes. The answer denied the material portions of the complaint and neither pleading was ever amended.
At the conclusion of the non-jury trial the trial court entered a final judgment for the plaintiff and against the defendants in the amount of $28,250.00, but the judgment was bare of any findings of law or fact.
Neither the final judgment nor the briefs of the parties made any reference to Chapter 517 Florida Statutes, but the record and Rule 1.190(b) Florida Rules of Civil Procedure permit us to speculate that the issues tried by the implied consent of the parties were probably one, some or all of the following:
A. Whether or not plaintiff as the as-signee of the Levin Group had a right to rescind the contract because of the defendants’ failure to deliver for inspection certain books and records?
B. Whether or not a tender by the Levin Group of the balance of the amount they contracted to pay for the stock was a prerequisite to a finding that the defendants had breached the contract?
C. Whether or not a recognition of an obligation in the corporate defendant’s prospectus would estop either or both defendants from denying the obligation ?
*513 It is our conclusion that there is no substantial evidence that the failure of the defendants to deliver the books and records was a breach, and in any event such a material breach, of the contract — which' incidentally had no written provisions relating to that delivery — as would excuse the Levin Group from making the tender referred to in B. above as a prerequisite to rescission.
It is clear that the law and the written provisions of the contract would have required, in the absence of special circumstances, such as renunciation, repudiation, or inability to perform on the part of the defendants, a tender of performance by the Levin Group as a prerequisite to an action for rescission.
There is no hint in the record of any such special circumstances nor of a tender. The contract required the Levin Group to make two $12,000.00 payments, one immediately and the other within ninety days and the evidence showed that only $10,250.-00 was paid on the first payment and nothing on the second.
The record does reveal testimony by Lefferts L. Mabie, Jr., one of the Levin Group, “that as a condition to the signing of said agreements, Mr. Werner represented and promised that he would forthwith deliver the corporation’s stock books.”
While Mr. Mabie’s signature is not one of those that appear on the agreements, since the record does not reflect any eviden-tiary rulings, his testimony should, for the purpose of this appeal, be accepted as evidence of a condition precedent and therefore excepted from the parol evidence rule under the principle stated by the District Court of Appeal, Second District in Chappell v. Hasche, Fla., 98 So.2d 808.
From the foregoing it might be argued that the judgment of the trial court could be' sustained if we assumed that it found that the contract never came into existence because the condition precedent testified to by Mr. Mabie was never met. This proposition has never been advanced and is negated by the recitation in the court prepared reconstruction of testimony that “plaintiff was entitled to a judgment . . . for breach of contract.”
If the contract did exist, we do not understand how the delivery.of the books and records could be a condition precedent to the payment or tender of all of the first $12,000.00 payment which the written contract1 required be made “immediately upon the execution of this agreement.”
Insofar as estoppel is concerned we do not feel that there has been any showing that any party relied to its detriment on the representations in the prospectus of the corporate defendant and therefore neither it nor the individual defendant would be estopped to deny the obligation.
Although it is this court’s opinion, because of the foregoing legal and factual considerations, that the judgment appealed from cannot be sustained on the record submitted, we are conscious of the strong presumptions which favor judgments entered by the trial courts where they sit as the finders of fact and we are also conscious of the likelihood that the record before us, which was compiled without benefit of a transcription by the court reporter whose death precluded the preparation of such a transcript, may have omitted evidence which would have materially influenced our opinion and for that reason the final judgment appealed from is hereby set aside and the order of the lower court denying the defendants’ motion for a new trial is hereby reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded for a new trial.
BOYER, C. J., and MILLS, J., concur.