PER CURIAM.
Appellee, Capital Bank of Miami, f/k/a National Industrial Bank of Miami, filed a mortgage foreclosure action alleging that appellants, the Copelands, had defaulted under a note and mortgage. Appellants’ answer denied that appellee was entitled to a judgment of foreclosure, and their primary affirmative defense was that the mortgage and note were void for total want of consideration; appellants also counterclaimed for reformation and rescission on the grounds that the mortgage and note were executed by them in connection with the issuance by appellee bank of an irrevocable letter of credit and that no money had ever been paid by the bank pursuant to the letter of credit. Appellee filed its answer to the counterclaim. The cause proceeded to a non-jury trial and, on December 20, 1977, a final judgment of foreclosure was entered. No further action was taken by the defendant after the entry of the final judgment until after the expiration of the appeal time. No appeal from the final judgment was filed. On January 25, 1978, the defendants filed a motion to set aside final judgment of foreclosure pursuant to Florida Rule of Civil Procedure 1.540. This motion attempted to reargue the merits of the cause under an allegation:
“1. That the Plaintiff indulged in fraud, trickery, misrepresentation and other unethical, unfair and improper methods by which to induce the Defendants to execute certain documents enuring to the benefit of the Plaintiff and to the detriment of the Defendants. As a result of which a Final Judgment of Foreclosure was entered herein as aforesaid.”
In May of 1978 the trial court entered its order denying motion to set aside the final judgment. This appeal is from that order.
Appellants herein contend that reversible errors were committed by the trial court as a matter of law, and that this appellate court should grant a new trial on the basis that the court reporter’s notes from the trial are missing and no transcript is obtainable, through no fault of the appellants.[1] They maintain that the missing transcript of the court reporter’s notes is essential to their cause because the absence of the crucial transcript effectively precludes proper appellate review, since the crux of their appeal is the legal insufficiency of the documents in evidence at the non-jury trial. The record does, in fact, reveal that appellants have made a conscientious effort to reconstruct the record pursuant to Florida Appellate Rule 9.200(b)(3). The trial court, however, expressed in its order denying reconstruction of the record that it had no recollection of the testimony and evidence presented at the non-jury trial. Counsel for appellee bank also had no recollection of the testimony and evidence which had been presented, and unsuccessfully attempted to reconstruct the events of the trial with the aid of one of the bank’s witnesses who had testified at trial.
*1151 Although there is strong authority in this state for the proposition that where a lost or otherwise unavailable trial record cannot be reconstructed, a new trial must be granted, see, e. g., Werner v. Harper, 328 So.2d 511 (Fla. 1st DCA 1976); Jackson v. State, 308 So.2d 600 (Fla.3d DCA 1975); and Van Scoyoc v. York, 173 So.2d 483 (Fla.2d DCA 1965), the proposition does not apply to this particular case. If the present appeal resulted directly from a final judgment which had its basis in the evidence and pleadings contained in a lost record, then the general proposition might well hold true. But, as pointed out by the appel-lee:
“A Final Judgment of Mortgage Foreclosure was entered by the lower court on December 20, 1977. No motion for a new trial nor a petition for rehearing was filed nor was a direct appeal taken from the said Final Judgment.”
Instead, subsequent to the expiration of the time for taking an appeal, a motion in this cause was filed in the trial court to set aside the final judgment of foreclosure, alleging that it had been procured through “fraud, trickery, misrepresentation and other unethical, unfair and improper” conduct on the part of the appellee bank. As already mentioned, the court was unable to reconstruct the record. What the court did was to postpone the foreclosure sale in order to hear evidence on the motion and, thereafter, to enter an order denying the motion and re-affirming the prior judgment.
We are presented, therefore, not with an appeal from a cause in which the record has been lost, but rather from a matter growing out of a prior cause in which the record has been lost. Under these circumstances, we are unable to apply the general proposition in the Werner, Jackson and Van Scoyoc cases, supra, but rather we must hold that a new trial should not be granted as a result of the lost record in the prior (though intimately-associated) cause.
We base this holding on several grounds: First, as mentioned above, we are not in-dined to expand the holdings in cases such as Werner, Jackson and Van Scoyoc, supra. Second, we must hold that as between two innocent parties,[2] the one seeking the benefit must, in addition to bearing the burden of proof of its motion to set aside the judgment, bear the responsibility of producing sufficient evidence to meet its burden and must, therefore, bear the unfortunate consequences of a lost record or other lost evidence essential to its position. In other words, with two innocent parties, the one seeking the benefit must be attributed with the loss and must bear any consequent burdens. See the general equitable principle in Baader v. Walker, 153 So.2d 51 (Fla.2d DCA 1963); Griffin v. Gulf Life Insurance Co., 146 So.2d 901 (Fla.lst DCA 1962); and Eulette v. Merrill, Lynch, Pierce, Fenner & Beane, 101 So.2d 603 (Fla.3d DCA 1958). Third, and based upon the same principle, the passage of time, during which the existence of evidence has a natural tendency to dissipate or abate entirely (for innumerable reasons), must be viewed as a factor for which the movant, vis-a-vis the party moved against, should assume the greater responsibility.[3] This pre-supposes the absence of any legal or equitable principle not dependent upon the lost record that the movant could put forth to shift the burden. Fourth and finally, we are averse to an underwriting of the appellant’s position because we foresee far too many opportunities that conceivably could arise for a losing party, months after the final judgment, to take advantage of lost evidence by the use of motion practice under Florida Rule of Civil Procedure 1.540. This is, of course, no reflection on any of the present parties, but unfortunately may be a just reflection on a small number of litigants who might find the temptation of such circumstances too great to resist.
Accordingly, we affirm the order denying the motion to set aside the final judgment of foreclosure and the order of sale incorporating by reference and re-entering the fi *1152 nal judgment of foreclosure, and we hereby remand the cause for appropriate proceedings consistent therewith.
Affirmed.
HENDRY, J., dissents.

. The court reporter who attended the December 1977 trial was employed by a court reporting agency, Marvin Taub & Associates, Inc., that declared bankruptcy, and the individual court reporter is believed to have moved out of the state of Florida. The subject notes have not been located, although appellants have shown due diligence in their attempt to locate the court reporter and the notes.

. The appellee bank is an innocent party until shown to be otherwise.

. We readily note the passage of time in this particular case was extremely short.