429 So.2d 36 (1983)
Ruth GORDON, Appellant,
v.
Ralph BURKE, Appellee.
No. 82-1489.
District Court of Appeal of Florida, Second District.
March 4, 1983.
Rehearing Denied April 11, 1983.
John R. Weed, Perry, for appellant.
Joe Horn Mount, Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
This is an appeal from a final judgment entered in 1976. A timely motion for rehearing was filed but was not ruled on until May 24, 1982, over six years later.
We must affirm due to the fact that the record provided to us is wholly inadequate for purposes of appellate review. Apparently, the trial, held in 1976, was not reported, and the parties have been unable to agree on a stipulated statement of facts. Part of the difficulty may be due to the incredible length of time between the filing *37 of the motion for rehearing and the first record indication of any action whatsoever on it, a period only a few days shy of five years. We are constrained to note that appellant's apparent lack of interest in obtaining a ruling on her motion is unexplained.
It is well settled that an appellate court must make judgments based on the official record before it. The appellant has the duty to demonstrate reversible error in the order or judgment appealed based on the record and the law applicable thereto. If the appellant fails to do so, the appellate court has no alternative but to enter an order of affirmance. Gilson v. Murphy, Fearnley & Yawn, Inc., 151 So.2d 447 (Fla. 2d DCA 1963).
We also take this opportunity to reiterate that if a case is considered worthy of litigating, it follows that testimony adduced before the trier of fact should be reported and transcribed in order that the appellate court have before it a record for consideration in the event appeal is deemed necessary.
Accordingly, the final judgment appealed is AFFIRMED.
GRIMES and DANAHY, JJ., concur.