475 So.2d 912 (1985)
Alfred F. BEI and Theadora M. Bei, His Wife, and Noel, Inc., a Florida Corporation, Appellants,
v.
Ronald E. HARPER and Gloria Harper, d/b/a Harper's Enterprises f/k/a Dray Enterprises, Appellees.
No. 84-1109.
District Court of Appeal of Florida, Second District.
July 3, 1985.
Rehearing Denied September 13, 1985.
*913 David K. Oaks of Rosenthal & Oaks, Punta Gorda, for appellants.
Robert G. Jacobson, P.A., Port Charlotte, for appellees.
SCHEB, Acting Chief Judge.
Appellees Ronald and Gloria Harper recovered a final judgment for $6,084.45, based on the trial court's finding that appellants Alfred and Theadora Bei had converted partnership funds. In addition, the court awarded the Harpers $500 actual damages and $10,500 punitive damages against Alfred Bei, based on its finding that his competition with the Harpers, through a corporation called Noel, Inc., constituted reprehensible unfair trade practice.
In seeking reversal of the trial court's judgment, the Beis raise two points.
1. Whether the trial court erred in entering judgment against Theadora Bei where no substantial, competent evidence existed to support the entry of such a judgment?
2. Whether the trial court erred in awarding the Harpers punitive damages where no substantial, competent evidence of malice or financial status of Alfred Bei and Noel, Inc., existed?
We have examined both the briefs and the incomplete record furnished us and extensively questioned counsel at oral argument. From our review, we conclude that the critical question we must address is whether the statement of the evidence approved by the trial court in the absence of a transcript of the trial proceedings is sufficient for appellate review purposes. We hold that it is not and affirm.
Florida Rule of Appellate Procedure 9.200(b)(3) provides the procedures to be followed where, as here, no transcript of the proceedings is available.
If no report of the proceedings was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
Pursuant to this rule the Beis prepared and submitted the following statement of evidence:
*914 Plaintiffs' first witness was RONALD HARPER who testified that the Defendant was using ads with pictures of ziproll screens being used to sell roll-up screens. RONALD HARPER further identified two checks drawn on the partnership account which totaled EIGHT THOUSAND FIVE HUNDRED DOLLARS ($8,500.00).
GLORIA HARPER then testified regarding money which was lost as a result of the ads. Mrs. Harper further testified regarding various checks which were returned for insufficient funds when the $8,500.00 was taken from the partnership account by the Defendant ALFRED F. BEI. On cross-examination Mrs. Harper testified that she took money from the partnership account for personal obligations such as her insurance obligations, boat payments, American Express payments.
ALFRED BEI was called as an adverse witness. He testified that he formed a corporation known as NOEL, INC. after the termination of the partnership for the purpose of conducting a screen business through the corporation. Mr. Bei further testified that he originally put ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500.00) into the partnership.
On the Defendant's direct case ALFRED BEI testified regarding the partnership agreement, the certificate of registration and the 1980 partnership income tax return, all of which showed that ALFRED BEI and RONALD HARPER were partners and further showing that THEADORA BEI was not a party to the partnership agreement. THEADORA BEI testified that she assisted the HARPER and BEI partnership but was never compensated for same. In cross-examination she identified her signature on a check and further reiterated her role as an uncompensated employee.
A further witness was ED HWASS who testified that he told Mr. Bei to remove the money from the partnership account.
The Harpers made no objection to the statement proffered by the Beis. The trial court approved the above statement of evidence and directed that it be included in the record on appeal.
After our initial review of the statement, the exhibits, and the pleadings in the record, we concluded that the record, as reconstructed, was inadequate to enable us to make a meaningful review of the issues presented.
Florida Rule of Appellate Procedure 9.200(f)(2) provides:
If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined because the record is incomplete until an opportunity to supplement the record has been given.
Following the mandate of this rule, we directed the Beis to submit to the trial court a more complete statement of the proceedings and the Harpers to respond in accordance with Rule 9.200(b)(3). Based on such submissions and the recollection of the trial judge, we ordered the trial court to reconstruct the record as completely as feasible. We relinquished jurisdiction for these purposes.
The trial judge notified this court that the Beis failed to comply with our directions. Thus, he reported that he was unable to compile a more complete record. At this point we resumed jurisdiction.
We start our discussion with two well-known principles. First, that in appellate proceedings the trial court's decision comes to this court clothed with a presumption of correctness. Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979). Second, that appellant has the burden to submit to the appellate court a record adequate to support the appeal. Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983). The creation of Rule 9.200(f)(2), which became effective on March 1, 1978, did not abolish the appellant's burden. As the 1977 Advisory Committee and Court's Commentary noted, the purpose of the rule is to assure portions of the record material to a decision will be available to the appellate court. It *915 was not intended to cure inadequacies in the record which are the result of a party's failure to make a record during proceedings in the trial court. Furthermore, a party's failure to supplement the record after notice by an appellate court may be held against that party.
A statement of evidence under Rule 9.200(b)(3) may be substituted for a transcript of the proceedings only when all relevant factual disputes have been settled and the statement of evidence is approved by the trial court. Wright, 431 So.2d at 178. See also Starks v. Starks, 423 So.2d 452 (Fla. 1st DCA 1982). Although the trial court approved the Beis' statement, it is deficient, because it purports to recite only segments of the trial proceedings. See Starks, 423 So.2d at 453. We are aware that the Harpers did not object to the material incorporated in the statement of evidence. But, on the other hand, the parties neither stipulated that the statement of evidence represented the entire record, nor did the trial court so find. Both of the points on appeal address the sufficiency of the evidence. Since we have not been provided with a record sufficient to review these points, either by transcript or stipulated statement, we cannot say the trial court erred in awarding damages to the Harpers. See Beasley v. Beasley, 463 So.2d 1248 (Fla. 5th DCA 1985); Gordon v. Burke, 429 So.2d 36 (Fla. 2d DCA), petition for review denied, 438 So.2d 832 (Fla. 1983); Starks.
Finally, we think it appropriate to reiterate Judge Boardman's admonition in Gordon. If a case is worthy of litigating, the testimony adduced at trial should be reported and transcribed for the appellate court to have a record for consideration if any appeal is deemed necessary. Id., 429 So.2d at 37.
Affirmed.
FRANK and HALL, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
As reflected in our opinion of July 3, 1985, the trial judge notified this court on May 16, 1985, that appellants Alfred and Theadora Bei failed to submit a more complete statement of evidence. Thus, the trial judge reported that he was unable to compile a more complete record of the proceedings below.
On motion for rehearing appellants assert that they complied with our directions. They contend that they filed with the clerk of the trial court a statement of the evidence on April 17, 1985, pursuant to Florida Rule of Appellate Procedure 9.200(b)(3). Thereafter, on April 30, appellees, Ronald and Gloria Harper, filed objections and amendments to appellants' statement of the evidence. Appellants then filed a response to these objections and proposed amendments on May 14. After this court had resumed jurisdiction a notice was filed by appellees' counsel scheduling a hearing before the trial judge on July 30 concerning both parties' statements of the evidence.
In their motion for rehearing, appellants contend that all statements of the evidence and responses were in the trial court file before May 15 and thus available for settlement and approval. Thus, they argue that the trial judge erred in failing to reconstruct the record prior to his May 16 report.
We deny appellants' motion for rehearing on two grounds. First, the trial judge was correct in his May 16 report. Under Rule 9.200(b)(3) "the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval." (Emphasis supplied.) In filing the statements and objections and proposed amendments with the clerk of the trial court, the parties did not comply with Rule 9.200(b)(3).
Second, even if we were persuaded to overlook this procedural irregularity, we think it would be futile to relinquish jurisdiction again to the trial judge for reconstruction of the record. We note that the new statement of the evidence filed by appellants is identical in substance to their *916 original statement. Even assuming the trial judge would disallow the objections and amendments submitted by the appellees, the appellants' statement standing alone if fully accepted would not be sufficient basis for reversal of the trial court's final judgment.
Accordingly, we deny appellants' motion for rehearing. No further motion for rehearing of this denial will be entertained by the court.
SCHEB, A.C.J., and FRANK and HALL, JJ., concur.