SANDERLIN, Judge.
The ex-husband appeals a final judgment of dissolution in which the trial court awarded the ex-wife lump sum, rehabilitative, and permanent periodic alimony. Specifically, he claims the trial court erred in awarding lump sum alimony. We affirm.
The record before us does not contain a transcript of the dissolution hearing. Appellant has only provided us with documentary evidence such as the pleadings and the financial affidavits, and a statement of trial evidence, provided for in Florida Rule of Appellate Procedure 9.200(b)(3), to which appellee did not file objections or amendments and which the trial court approved.
Appellant has the burden to demonstrate reversible error in the judgment appealed based upon the record and the applicable law. Gordon v. Burke, 429 So.2d 36 (Fla. 2d DCA 1983). After reviewing the very limited record in this case, we find that appellant has failed to meet this burden and to demonstrate that the trial court abused its discretion in awarding lump sum alimony to appellee. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Marston v. Marston, 484 So.2d 32 (Fla. 2d DCA 1986). See also Bei v. Harper, 475 So.2d 912 (Fla. 2d DCA 1985); Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983); Gordon v. Burke, 429 So.2d 36 (Fla. 2d DCA 1983); Starks v. Starks, 423 So.2d 452 (Fla. 1st DCA 1982).
Accordingly, we affirm the trial court’s final judgment.
DANAHY, C.J., and LEHAN, J., concur.