494 So.2d 282 (1986)
Pauline DAWKINS, Appellant,
v.
Byron F. DAWKINS, Appellee.
No. 85-2077.
District Court of Appeal of Florida, Second District.
September 17, 1986.
*283 William J. Terry and James M. Martin, Tampa, for appellant.
Ralph M. Guito, Jr., and W. Dale Gabbard of Ralph M. Guito, Jr., P.A., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Pauline Dawkins, the wife, appeals a final order granting her former husband's motion for relief from a final judgment of dissolution of marriage. We affirm in part and reverse in part.
The parties married in 1947. After four children were born, the parties divorced in 1964 but remarried that same year. Then in 1982, the wife petitioned to dissolve the marriage. Her petition recited that the four children born of the marriage were adults. The wife requested disposition of the marital property and alimony.
On May 24, 1984, the court entered a final judgment dissolving the marriage and awarding the wife: (1) the furniture, furnishings, and appliances in the marital home; (2) a 1977 Cadillac; (3) the use of the marital home until she died or remarried with a proviso that the home could be partitioned and sold if she moved from it permanently; (4) a lump-sum payment for the husband's use of marital funds for his personal vacations; and (5) permanent alimony. The court ordered the husband to pay all joint debts of the marriage and awarded him his personal tools and belongings, a 1979 Pontiac, and the assets of his mother's will. The court reserved jurisdiction to consider attorney's fees and costs for the wife.
On June 20, 1984, the husband filed an appeal to this court which he voluntarily dismissed two and one-half months later. Also, on June 20, he filed a motion for relief from the final judgment in the trial court pursuant to Florida Rule of Civil Procedure 1.540(b). He alleged that after the final judgment he discovered that only the oldest of the parties' four children was his child and the other three were offspring of the wife and another man. Thus, he contended the wife had perpetrated a fraud on the court by concealing the children's parentage. The husband requested that the final judgment of May 24, 1984, be set aside, the wife pay all fees and costs, and the court impose sanctions against her for perpetrating fraud. On January 29, 1985, the wife replied to the husband's petition denying all his allegations and asserting the children were not an issue in the dissolution proceedings because they were all adults at that time.
After an evidentiary hearing, which the parties did not have recorded, the trial court, on August 13, 1985, granted the husband's motion for relief. The trial court, reciting portions of the evidence at the unrecorded hearing, found the wife had perpetrated a fraud because she had falsely alleged in writing and testified that she had been a faithful, dutiful wife and given birth to and raised the husband's four children. The court determined that the husband could not have obtained by due diligence the newly discovered evidence relating *284 to the children's parentage. As a result, the court set aside all provisions of the May 24, 1984, final judgment except the dissolution of the marriage. This timely appeal by the wife ensued.
At the outset, we reject the wife's argument she was denied due process of law by the court's granting of the husband's motion. The record reflects that the issues were framed by the parties' pleadings and the wife had notice and an opportunity to be heard on the motion. Moreover, at oral argument, the wife's counsel conceded that she was present with counsel at the hearing and there was no request for a continuance to present any further evidence the wife might have had on the issues.
The wife's other points on appeal relate to the merits of the August 13, 1985, order setting aside the final judgment of dissolution other than the actual dissolution of the bonds of marriage. As we have recently reiterated, "If a case is worthy of litigating, the testimony adduced at trial should be reported and transcribed for the appellate court to have a record for consideration if any appeal is deemed necessary." Bei v. Harper, 475 So.2d 912, 915 (Fla. 2d DCA 1985). See also Gordon v. Burke, 429 So.2d 36 (Fla. 2d DCA), petition for review denied, 438 So.2d 832 (Fla. 1983). Without a record of the hearing in this case, we must accept the trial court's findings as being supported by substantial competent evidence. Damkohler v. Damkohler, 336 So.2d 1243 (Fla. 4th DCA 1976). Consequently, we must affirm the trial court's conclusion that the wife perpetrated fraud on the court by her written allegations and testimony.
The trial court, of course, properly retained paragraph one of the May 24, 1984, judgment dissolving the marriage. Moreover, given the court's findings of fact pertaining to the wife's perpetration of fraud, it did not abuse its discretion in vacating paragraph nine of the judgment awarding her permanent alimony. Nevertheless, we do not think the wife's conduct warranted a total vacation of all the property provisions of the final judgment. In setting aside the final judgment except the paragraph dissolving the marriage, the court even vacated the provision awarding certain property to the husband. Thus, we think the court made too broad a sweep in vacating all provisions concerning the parties' property rights. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Furthermore, we note some references in the findings of fact relating to the parentage of three of the adult children. These findings, of course, do not render any of the children illegitimate since they were not parties to these proceedings.
Accordingly, we affirm the trial court's vacation of paragraph nine awarding alimony and paragraph ten regarding reservation of jurisdiction over attorney's fees and costs. Otherwise, we reinstate the provisions of the May 24, 1984, final judgment. We direct the trial court to enter an amended order consistent with this opinion. In doing so, the court should reserve jurisdiction to award alimony in the future in case of a substantial change of circumstances of the parties from August 13, 1985, the date of the order granting the husband's motion for relief from the final judgment of dissolution. Finally, the wife shall not be required to reimburse the husband for any alimony she has received.
Affirmed in part; reversed in part and remanded.
SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.