498 So.2d 668 (1986)
Danny Chris THOMAS, Appellant,
v.
Elizabeth Ann THOMAS, Appellee.
No. 86-1494.
District Court of Appeal of Florida, Fifth District.
December 11, 1986.
*669 Carol Engel Draper, Kissimmee, for appellant.
Devo A. Heller of Brinson, Smith, Heller & Smith, P.A., Kissimmee, for appellee.

ON MOTION TO DISMISS
COBB, Judge.
The appellee herein, Elizabeth Ann Thomas, has moved for a dismissal of this appeal based upon the fact that neither a transcript of the trial testimony nor a statement of the evidence pursuant to Florida Rule of Appellate Procedure 9.200(a)(3) and (b)(3) has been filed in this appellate record. This is an appeal from a final judgment of dissolution of marriage, and it is apparent from the appellee's motion, the response thereto by the appellant and the appellant's initial brief, that the issues raised on appeal must be determined by the evidence adduced at trial.
The appellant's response admits the absence of a record "because there was no court reporter present during the trial." Appellant argues, however, that Florida Rule of Appellate Procedure 9.200(f)(2) provides that "if the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined because the record is incomplete until an opportunity to supplement the record has been given." (Emphasis added.)
We do not construe the rule as urged by the appellant. To do so would render meaningless the time strictures in Rule 9.200(b) in regard to the steps which an appellant must take where "no report of the proceedings was made, or if a transcript is unavailable." The appellant in the instant case failed to take those steps  i.e., prepare a proposed statement, serve a copy on the appellee, and submit the matter to the lower tribunal for settlement and approval  within the time prescribed by the rule so that the clerk of the lower tribunal could include it in the record on appeal. Nor did the appellant seek an extension of time from the lower court in order to obtain such a record in accordance with the rule.
The provision in Rule 9.200(f)(2) relied upon by the appellant, and quoted above, does not encompass a situation where there is an absence of record below, as opposed to a failure by the parties to include parts of an extant record below in the record on appeal. If a record exists below that is needed to complete the appellate record, then this court cannot determine the cause without affording a party the opportunity to supply the omitted part of the record. But if no record was created in the first place  either by court reporting or a submitted statement per Rule 9.200(b)(3)  then there is no obligation on this court's part to afford a party on appeal a second opportunity to create a record simply because he ignored the rule the first time around. See Beasley v. Beasley, 463 So.2d 1248 (Fla. 5th DCA 1985).
*670 In Bei v. Harper, 475 So.2d 912, 914-15 (Fla.2d DCA 1985), the Second District noted:
... [T]hat appellant has the burden to submit to the appellate court a record adequate to support the appeal. Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983). The creation of Rule 9.200(f)(2), which became effective on March 1, 1978, did not abolish the appellant's burden. As the 1977 Advisory Committee and Court's Commentary noted, the purpose of the rule is to assure portions of the record material to a decision will be available to the appellate court. It was not intended to cure inadequacies in the record which are the result of a party's failure to make a record during proceedings in the trial court.
The case of Drs. Berman, Weil & Snyder, P.A. v. Sturman, 474 So.2d 6 (Fla. 4th DCA 1985), relied upon by the appellant, is distinguishable. It concerned a circuit court appellate review of action by a county court with an inadequate record basis to do so. The appellants there had partially complied with the requirements of Florida Rule of Appellate Procedure 9.200(b)(3), but had failed to submit the proposed statement of evidence to the lower tribunal for settlement and approval. On certiorari review, the Fourth District granted certiorari and quashed the circuit court's order, holding, as part of its discretionary review, that the appellants (respondents on certiorari) should be given further opportunity to build a record for review by the circuit court pursuant to Rule 9.200(f)(2), presumably by obtaining the county court's approval of the proposed statement. If Berman can be construed as requiring a second opportunity to create a record per Rule 9.200 even after the filing of the appellate record with the appellate court, we disagree with it and adhere to our rationale in Beasley.
We dismiss this appeal and remand the matter of attorney's fees for the appellee pursuant to section 57.105, Florida Statutes. See Beasley and Thornton v. Thornton, 433 So.2d 682 (Fla. 5th DCA), review denied, 443 So.2d 980 (Fla. 1983).
APPEAL DISMISSED.
ORFINGER and SHARP, JJ., concur.