504 So.2d 418 (1987)
Curtis J. CARTER, Appellant,
v.
Patricia CARTER, Appellee.
No. 86-1003.
District Court of Appeal of Florida, Fifth District.
February 12, 1987.
Rehearing Denied March 24, 1987.
Carroll S. Barco, Orlando, for appellant.
Donald R. Corbett, Orlando, for appellee.
ORFINGER, Judge.
The former husband appeals a final order of the trial court which: a) determined that he was in arrears in payment of alimony and child support, and entered a judgment for the arrears; b) found him in willful contempt of a previous order requiring that he pay attorney fees; c) sentencing him to jail for contempt, and suspending the incarceration if he purged himself of contempt by complying with the conditions specified in the order. Appellee suggests that the appeal should be dismissed because no transcript of the hearing is included in the record on appeal.
Appellant concedes that no transcript of the testimony taken before the trial court is available because the proceedings below were not recorded. He contends, however, that because Florida Rule of Appellate Procedure 9.200(a)(3) provides that the parties may prepare a stipulated statement as part of the record on appeal, and because Rule 9.200(b)(3) provides that the appellant may prepare and submit to the trial court for approval a statement of the evidence where no report of the proceedings was made, the use of either (or any) of such procedures is permissive and not required. Further, he says that in any event, Rule 9.200(f)(2) prevents dismissal of the appeal until he has *419 been given the opportunity to supplement the record.
Appellant completely misinterprets the import of those rules. Where, as here, the correctness of the trial court's ruling depends on the evidence presented to it, a report of that evidence in one of the forms permitted by the rules is absolutely essential to an appellate review. The permissiveness of the rules is not in the necessity for a report of the proceedings, but in the method by which that report is presented. As we pointed out in Beasley v. Beasley, 463 So.2d 1248 (Fla. 5th DCA 1985):
Unless this court is provided with all of the evidence which was before the trial court, either by a transcript of testimony or a stipulated statement, then we cannot fault and reverse a trial judge for a purported error.
It is the appellant's burden to submit to the appellate court a record adequate to support the appeal. Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983). Where the nature of the appeal requires that the record include the testimony, where it is not available we will either dismiss the appeal or summarily affirm the order appealed from. Beasley.
Appellant's contention that Rule 9.200(f)(2)[1] requires that we give him the opportunity to supplement the record under the circumstances here is also erroneous. As this court pointed out in Thomas v. Thomas, 498 So.2d 668 (Fla. 5th DCA 1986):
The provision in Rule 9.200(f)(2) relied upon by the appellant ... does not encompass a situation where there is an absence of record below, as opposed to a failure by the parties to include parts of an extant record below in the record on appeal. If a record exists below that is needed to complete the appellate record, then this court cannot determine the cause without affording a party the opportunity to supply the omitted part of the record. But if no record was created in the first place  either by court reporting or a submitted statement per Rule 9.200(b)(3)  then there is no obligation on this court's part to afford a party on appeal a second opportunity to create a record simply because he ignored the rule the first time around. See Beasley v. Beasley, 463 So.2d 1248 (Fla. 5th DCA 1985). [Emphasis in original].
Because appellant has not provided this court with an adequate record to support his appeal, the appeal is dismissed.
DISMISSED.
COBB and COWART, JJ., concur.
NOTES
[1] Rule 9.200(f)(2) provides:

(2) If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined because the record is incomplete until an opportunity to supplement the record has been given.