## MACNEIL, etc. v DISCOUNT GROCERY & THINGS, INC., etc.
Case No. 88-5-AC (County Court Case No. 87-2205-CC)
Fifth Judicial Circuit, Lake County
November 1, 1988

### APPEARANCES OF COUNSEL
**Kenneth R. Brown,** for appellant.
**W. Scott Wynn,** for appellee.
Before PETERSON, McNEAL, TOMBRINK, JJ.

### OPINION OF THE COURT
E. PETERSON, Circuit Judge.

This matter was tried before the trial court without a jury and apparently without a court reporter since a transcript of the trial is absent from the record on appeal. The appellant has not furnished a statement of the evidence or proceedings as provided by Rule 9.200 of the Fla.App.P.

In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error. A transcript of the testimony at trial is needed in order to allow the appellate court to properly resolve the underlying factual issues and determine whether the trial court's judgment is

supported by the evidence or by an alternative theory. Without knowing the factual context, an appellate court cannot reasonably conclude that the trial judge so misconceived the law as to require reversal. *Appelegate v Barnett Bank of Tallahassee,* 377 So.2d 150 (Fla. 1980). The absence of a transcript or statement of the evidence requires that the decision of the trial court not be disturbed on the issues raised by the second two points on appeal.[1]

If a case is considered worthy of litigating, it follows that the testimony adduced before the trier of fact should be reported and transcribed so that the appellate court could have before it a record for its consideration in the event an appeal is deemed necessary. *Gordon v Burke,* 429 So.2d 36 (Fla. 2d DCA 1983).

This decision is not affected by the appellant's assertion that the final judgment of $5,000 exceeded the $4,300 purchase price of the goods. Florida Statute § 672.710 (1987) provides for incidental damages that when added to other applicable damages could have exceeded the County Court jurisdictional limits of $5,000.

The final issues on appeal are based on appellant's assertion that the trial court abused his discretionary powers by denying appellant's motions for continuance of the trial and to allow amendment of his answer in order to add affirmative defenses. The complaint was filed on November 12, 1987 and the earliest response by the appellant was on December 4, 1987. The defendant filed the motion without the appearance of an attorney and continued to represent himself until February 9, 1988 for continuance of a trial scheduled for February 25, 1988 for continuance of a trial scheduled for February 25, 1988; this motion was granted. A new trial was scheduled for April 25, 1988 and on April 19, 1988, six days before trial, appellant's first attorney withdrew upon the instruction of the appellant. New counsel was obtained by appellant at some point in time who then filed the motion to amend on April 23, 1988.

The appellant's motion to amend the answer was heard and denied on the day the trial was scheduled to begin. Rule 1.190(a) of the Fla. Rules of Civil Procedure provides that leave of Court to amend a pleading shall be freely given when justice requires. This liberality diminishes as the case progresses *Ruden v Medalie,* 294 So.2d 403 (3d

---

[1] 1. Points II and III in Appellants brief were:

II. Whether the trial court erred in finding there was a contractual relationship created between appellant and appellee and there was not evidence to support such a conclusion.

III. Whether the trial court erred in awarding damages in excess of the amount pled.

DCA Fla. 1974). This case had progressed to the date of trial after a delay caused by one continuance of an earlier scheduled trial. The continuance was granted at the request of and for the benefit of the appellant and there is no allegation that new facts were discovered between the appellant's original answer and the day of trial. The only discovery was that perhaps affirmative defenses may have been overlooked between December 4, 1987 and April 25, 1988 when the trial began and the motion for leave to amend was heard. Such an oversight should not be the basis for delaying trial or prejudicing the opponent who is ready for trial. The absence of a transcript of the trial also affects this issue since it is impossible to determine whether any testimony or evidence was presented at trial to support the theories presented by the affirmative defenses by proffer, through non-objections by opposing counsel or over objection of opposing counsel.

Appellants argument that attacks the denial of the motion for continuance on the day of trial is that appellant's new counsel needed an opportunity to prepare since previous counsel moved to withdraw on April 18, 1988. It cannot be denied that new counsel might be at a disadvantage when he is retained on the even of trial, but it is not the attorney's opportunity for preparation that one must look, but to the client's opportunity. The history of appellant's actions in this case indicates that he did not retain counsel until several months after he was served with process although most litigants manage to obtain counsel within the twenty days after receipt of service of process. The appellant asked for and obtained one continuance and then showed up at a trial with a second attorney to request a continuance. While the adversary system requires that each party aggressively assert their position before the Court, it also requires a certain degree of cooperation under the guidelines of the rules of civil procedure. The record that did reach the appellate court does not show the cooperation that would create an atmosphere that would entice the trial court to exercise the discretion allowed to it to grant a continuance. It appears that the trial court was ready for the trial on the day set aside.for it as a result of the first continuance, the plaintiff was ready for the trial on a day set as a result of appellant's request for continuance, but the party who requested the first continuance was not and waited until the day of trial to request the second continuance offering the reason that new counsel had just been retained. The appellant should have been aware of the state of preparation in which his new counsel may find himself when appellant unilaterally made the decision to substitute counsel. That decision should not affect those ready on the day set aside for trial so that appellant may have his day in Court.

This opinion is based upon the assumption by this Court that a court reporter did not record the testimony at trial and that a statement of the evidence or proceedings does not *now* exist. This Court would be in error if it did not allow an opportunity to the appellant to supplement the record with a transcript of the proceedings at trial or a statement of the evidence or proceedings if the latter is *now* in existence. *Carter v Carter,* 504 So.2d 418 (5th DCA Fla. 1987), and *Thomas v Thomas,* 498 So.2d 668 (5th DCA Fla. 1986). Therefore, the trial court will be summarily affirmed based upon the opinion expressed herein if the appellant has not provided this Court with the missing record within twenty days of the date of this direction to provide such missing record.

McNEAL and TOMBRINK JJ., Concur.