SCHEB, Acting Chief Judge.
This is an appeal from three nonfinal orders entered in a dissolution of marriage proceeding. The trial court ordered appellant wife to leave the marital residence, found her in contempt for failing to do so, and awarded her $40 per week in temporary support. The wife challenges these orders.
The parties have been married for nearly twenty years. They have three minor children; two reside with the husband in the marital home and the third resides with the wife. Other than their automobiles, the parties’ only substantial asset is a marital home valued at between $65,000 and $70,-000.
The resolution of this appeal is difficult because the evidentiary hearings leading to the court’s orders were not reported. We have repeatedly emphasized the need for an appellant to submit to this court a record adequate to support the appeal. See, e.g., Bei v. Harper, 475 So.2d 912 (Fla. 2d DCA 1985). Instead of a transcribed record, the wife submitted a statement of evidence which the husband supplemented. The trial court accepted these statements in accordance with Florida Rule of Appellate Procedure 9.200(b)(4). These statements and the financial affidavits of the parties form the basis of our review.
With the record before us, we cannot discern any reversible error in the trial court’s judgment requiring the wife to leave the marital premises or in the court’s finding her in contempt for failure to do so. The record does reveal, however, that the husband receives approximately $644 per week from military pay and a part-time job. While he listed expenses approximating his income, the wife, who claims to have no cash, has expenses of $1,268.75 per month, which are in excess of her monthly income of $534. In his statement of evidence which was accepted by the court, the husband does not refute the amount of money the wife claims she needs for support. Instead, he merely alleges that she is guilty of insobriety and marital misconduct.
On the basis of the record presented to us, we conclude that the trial court abused its discretion in not awarding the wife adequate temporary support.
We remand for entry of an order increasing the wife’s temporary support to an amount which, when combined with her earned income as of the date of the tempo *851 rary hearing, will allow her to support herself pending final hearing. If a final hearing cannot be held within thirty days from the mandate in this case, the trial court shall conduct another temporary hearing. At such hearing, the court shall determine the present needs of the wife and the ability of the husband to pay support and award her an adequate amount of temporary support pending final hearing in this cause.
Any motion for rehearing or clarification must be filed within five days of the date of this opinion, and any reply thereto must be served within five days thereafter. See Fla.R.App.P. 9.330(a).
THREADGILL and PARKER, JJ., concur.