538 So.2d 961 (1989)
James Henry CHISHOLM, Appellant,
v.
Ruby Theresa CHISHOLM, Appellee.
No. 88-355.
District Court of Appeal of Florida, Third District.
February 21, 1989.
*962 Tew, Jorden, Schulte & Beasley, and Gregory P. Borgognoni, Miami, for appellant.
Andrew M. Leinoff, Coral Gables, Mark A. Gatica, Miami, for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
This is an appeal by a former husband from an order finding him in contempt of court for failure to pay his former wife support arrearages. For the reasons discussed below, we dismiss the appeal.
Appellant husband was held in civil contempt and sentenced to serve three months in the county jail unless he purged himself of the contempt by paying $4,882 in support arrearages. The contempt order was based on a general master's findings that: a) the husband had been leading a life of luxury in his native Jamaica since his voluntary return there after his divorce;[1] he had willfully and intentionally made no effort to pay alimony arrearages to his former wife; c) he had the present ability to pay such arrearages. The trial court held that if the husband did not pay the arrearages within thirty days, he would be incarcerated for three months in the county jail. The husband did not file exceptions to the master's report. Consequently, his claim on appeal is limited to the absence of fact to substantiate the trial court's ultimate findings.
On the eve of oral argument of this appeal, appellant filed a motion for summary reversal. Relying on Copeland v. Capital Bank of Miami, 372 So.2d 1149 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1192 (Fla. 1980), the husband states that the transcript of the evidentiary hearing upon which the general master based his report was lost due to no fault of the parties. He claims that because the evidence presented at that hearing is disputed and because he and his counsel "are unable to independently recollect the entire proceedings below," the order of contempt must be reversed. We disagree.
The appellant has the burden to submit to this court a record adequate to support the appeal. Thomas v. Thomas, 498 So.2d 668 (Fla. 5th DCA 1986); Bei v. Harper, 475 So.2d 912 (Fla. 2d DCA 1985). Appellant apparently recognizes this burden but states that because of his inability to recollect the proceedings below, he cannot avail himself of the procedures of Florida Rule of Appellate Procedure 9.200(b)(4) which permits the appellant to prepare a reconstruction of an unavailable transcript. However, compliance with Rule 9.200(b)(4) contemplates more than the mere allegation by the appellant that he cannot remember enough about the proceedings to undertake a reconstruction of the record. The rule requires an attempt by the appellant to reconstruct a transcript by the "best available means," to submit the resulting statement to the appellee for his objections *963 and amendments, and finally to have the transcript approved by the lower court. As stated in Thomas, 498 So.2d 668, any necessary reconstruction of a missing transcript must be undertaken within the time prescribed in the rule so that the clerk of the lower court can include the reconstructed transcript in the record on appeal. The appellant in the instant case has not demonstrated that he took the timely steps to include a reconstructed transcript in the record on appeal.
Furthermore, Florida Rule of Appellate Procedure 9.200(f)(2), which deals with the court's ability to direct a party to correct or supplement the record on appeal, is of no help to appellant. As stated in Thomas, that rule contemplates a situation where the parties have failed to provide parts of an extant record below in the record on appeal, not a situation, as that before us, where there is an absence of record below. Thomas, 498 So.2d at 669. An appellate court has no obligation to afford the appellant a second opportunity to create an entire transcript because he ignored the rule when the record on appeal was being prepared. See Beasley v. Beasley, 463 So.2d 1248 (Fla. 5th DCA 1985).
Finally, Copeland is of no help to appellant either. In that case, the appellants "made a conscientious effort to reconstruct the record." 372 So.2d at 1150. Appellant here has made no such effort. See Jackson v. State, 308 So.2d 600 (Fla. 3d DCA 1975) (after "diligent effort" counsel for parties were unable to reconstruct record); Van Scoyoc v. York, 173 So.2d 483 (Fla. 2d DCA) (counsel for plaintiff "made every reasonable effort" to reconstruct testimony to complete record on appeal), cert. denied, 179 So.2d 214 (Fla. 1965).
Accordingly, the appellant waived any benefit of creating a reconstructed record not only because he has failed to demonstrate a good faith attempt to reconstruct a transcript, but also because he filed a brief without benefit of a transcript while at the same time arguing a factual basis in the record to support reversal.
For the foregoing reasons, we dismiss this appeal, grant the wife's motion for attorney's fees on appeal, and remand to the trial court, pursuant to Florida Rule of Appellate Procedure 9.400(b) and section 61.16, Florida Statutes (1987), for assessment of such fees. See Thomas, 498 So.2d 668; Beasley, 463 So.2d 1248; Thornton v. Thornton, 433 So.2d 682 (Fla. 5th DCA), review denied, 443 So.2d 980 (Fla. 1983).
APPEAL DISMISSED.
NOTES
[1] A general master had previously found that the husband had assets in excess of one million dollars in Jamaica.