546 So.2d 86 (1989)
Ronald J. KIRCHINGER, Appellant,
v.
Alice A. KIRCHINGER, Appellee.
No. 88-02874.
District Court of Appeal of Florida, Second District.
July 5, 1989.
L.C. Schowe, St. Petersburg, for appellant.
Thomas P. Colclough of Wallace, Finck, Boake & Colclough, St. Petersburg, for appellee.
SCHEB, Acting Chief Judge.
Ronald J. Kirchinger appeals the final judgment of dissolution of marriage. He advances various reasons for his dissatisfaction with the trial court's award in favor of his former wife, Alice A. Kirchinger. Further, he challenges the court's withholding from him the proceeds of a recent personal injury suit.
This appeal presents another unfortunate example of the risks inherent in choosing not to have trial court evidentiary proceedings recorded. Such a decision, while perhaps understandable due to the ever-increasing costs of litigation, nevertheless endangers the parties' recourse to meaningful appellate review. We must presume that the trial court's decision is correct unless the appellant, here the husband, provides us with a record by which we can *87 evaluate contentions of error. Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1980); Chisholm v. Chisholm, 538 So.2d 961 (Fla. 3d DCA 1989). We have not been furnished either a transcript or a stipulated statement of facts approved by the trial judge. Fla.R.App.P. 9.200(b)(4). The record before us includes the parties' financial affidavits and pleadings, but without a transcript of the supporting testimony, they do not provide a sufficient basis for review of the husband's contentions. Beasley v. Beasley, 463 So.2d 1248 (Fla. 5th DCA 1985). We take this opportunity to reiterate our previous cautionary comments concerning the necessity of preserving and presenting an adequate record for appellate review. See, Dawkins v. Dawkins, 494 So.2d 282 (Fla. 2d DCA 1986); Bei v. Harper, 475 So.2d 912 (Fla. 2d DCA 1985).
As to the court's withholding of proceeds from the husband's personal injury suit, any action on our part at this time would be premature. On appeal, the wife indicated that she will stipulate to have this matter resolved in the trial court. In any event, we think the trial court's retention of jurisdiction in the final judgment is sufficient. Until the trial court acts in some further way, any resolution at the appellate level is inappropriate.
Affirmed.
DANAHY and THREADGILL, JJ., concur.