PETERSON, Chief Judge.
Edmund L. Warnken appeals from an order modifying his obligation to pay child support. Much of his pro se brief refers to matters that occurred at the hearing although no record was made of that hearing. He relies on a “state of proceedings” attached to his brief for the facts and states that it was prepared pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). Unfortunately, the appellant has ignored the last two sentences of that rule which requires the statement to be submitted and approved by the trial court. We find no evidence in the record that this latter requirement was fulfilled. Therefore, this court is unable to fully review the matters about which the appellant complains. Tanner v. Tanner, 577 So.2d 712 (Fla. 5th DCA 1991); Carter v. Carter, 504 So.2d 418 (Fla. 5th DCA 1987).
We do find merit in Warnken’s complaint that child support of $200 per week shall resume immediately upon his release from prison. Warnken is entitled to a hearing after his release to determine his financial circumstances and the amount of child support to be paid at that time. Tanner. We vacate only that part of paragraph three of the order that reads “and the child support obligation of $200.00 per week shall resume *1124 at that time.” Except for the vacated portion of the order, we affirm.
AFFIRMED IN PART; VACATED IN PART.
ANTOON, J., concurs.
GRIFFIN, J., concurs in part; dissents in part, with opinion.