# Third District Court of Appeal

## State of Florida

Opinion filed August 15, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1717
Lower Tribunal No. 14-25130

_____

## Bernabe Miranda and Irela Miranda,
Appellants,

vs.

## RBS Citizens, National Association,
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Kenneth Eric Trent (Ft. Lauderdale), for appellants.

Liebler Gonzalez & Portuondo, and Elizabeth A. Henriques and Tricia J. Duthiers, for appellee.

Before SUAREZ, EMAS, and LOGUE, JJ.

SUAREZ, J.

Appellants Bernabe and Irela Miranda appeal from a final judgment of foreclosure, seeking a new trial due to the unavailability of the trial transcript. Based on the particular facts of this case, we affirm the judgment below.

Following a non-jury trial, the trial court entered a final judgment of foreclosure in favor of Appellee RBS Citizens, National Association. Appellants filed a motion for new trial/rehearing asserting that RBS Citizens had failed to prove it had standing at the time it filed the action. In their motion, Appellants stated they were making arrangements to receive the transcript.[1] But Appellants were unable to supplement their motion with the trial transcript because the court reporter's stenographic notes of the trial were stolen. The trial court heard arguments on why the motion for rehearing/new trial should be granted and denied the same. The Appellants now appeal.

The issue on appeal is whether the trial court erred in not granting a new trial under the circumstances of the transcript not being available for review through no fault of the Appellants. We find the trial court did not err as the Appellants failed to first attempt to comply with Florida Rule of Appellate Procedure 9.200(b)(4), which sets forth the procedure for attempting to reconstruct an unavailable transcript. We therefore affirm.

"It is the responsibility and duty of the appellant to provide the appellate court with a record sufficient to review the matter assigned as error." S. Florida

---

[1] It is not clear from the motion for new trial/rehearing why a transcript would even be necessary to determine the legal issue of standing. Appellants argued in their single-page motion that RBS Citizens did not prove that it had standing because its exhibits "including the assignment of mortgage, the pay history, and the demand letter, all reference Bank of America and not RBS." Only on appeal do Appellants claim they require a verbatim transcript of witness testimony.

Apartment Ass'n, Inc. v. Dansyear, 347 So. 2d 710, 711 (Fla. 3d DCA 1977); see also Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). If the trial transcript is unavailable, "a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection." Fla. R. App. P. 9.200(b)(4).

Appellants assert that through no fault of their own they are unable to produce a trial transcript and that the testimony at trial is necessary for their appeal. The Appellants also assert that it is not possible to prepare a statement of evidence pursuant to Rule 9.200(b)(4) "because the extended, inconsistent and nuanced testimony of the bank's witness was required to be printed verbatim to permit meaningful review . . . ." However, as this Court explained in Chisholm v. Chisholm, 538 So. 2d 961, 962 (Fla. 3d DCA 1989), compliance with Rule 9.200(b)(4) contemplates more than a mere allegation that Appellants would be unable to undertake a reconstruction of the record. "The rule requires an attempt by the appellant to reconstruct a transcript by the 'best available means,' to submit the resulting statement to the appellee for his objections and amendments, and finally to have the transcript approved by the lower court." Id. at 962-63.

Indeed, in each of the cases Appellants rely on for their argument that they are entitled to a new trial, there was a preliminary attempt to reconstruct the record. See Copeland v. Capital Bank of Miami, 372 So. 2d 1149 (Fla. 3d DCA 1979) ("[A]ppellants have made a

3

conscientious effort to reconstruct the record pursuant to Florida Appellate Rule 9.200(b)(3)."); Werner v. Harper, 328 So. 2d 511 (Fla. 1st DCA 1976) (remanding for a new trial after the trial court had prepared a reconstruction of the testimony, because the record was prepared without a transcript and may have omitted evidence); Van Scoyoc v. York, 173 So. 2d 483 (Fla. 2d DCA 1965) (remanding for a new trial after the parties attempted but failed to agree on a stipulated statement).

Here, as in Chisholm, Appellants have "not demonstrated that [they] took the timely steps to include a reconstructed transcript in the record on appeal." 538 So. 2d at 963. We are under no obligation to afford Appellants "a second opportunity to create an entire transcript because [they] ignored the rule when the record on appeal was being prepared." Id. Therefore, because Appellants did not first attempt to reconstruct the record pursuant to Rule 9.200(b)(4), they have not laid the proper foundation to now argue that they are entitled to a new trial due to the trial transcript necessary for their appeal being lost through no fault of their own. As Appellants are unable to provide us with a sufficient record to review the matter assigned as error, we must affirm the final judgment of foreclosure below.

Affirmed.