# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

LA FOY CURTIS GAINES, JR., and SARAH GAINES,

Appellants,

v.

HOME USA PROPERTY MANAGEMENT 1, LLC,

Appellee.

No. 2D2024-2095

_____

June 27, 2025

Appeal from the Circuit Court for Pasco County; Susan G. Barthle, Judge.

La Foy Curtis Gaines, Jr., and Sarah Gaines, pro se.

Jason F. Joseph of Tromberg Morris Partners PLLC, Deerfield Beach, for Appellee.


SILBERMAN, Judge.

La Foy Curtis Gaines, Jr., and Sarah Gaines appeal a final judgment of possession. Home USA initiated this action by filing a complaint against the Gaineses seeking eviction and damages for unpaid rent. The claim for unpaid rent was later voluntarily dismissed. The Gaineses filed a counterclaim alleging violations of federal and state consumer protection laws and fraudulent misrepresentation. After a

bench trial, the court entered judgment in favor of Home USA. We affirm.

The Gaineses argue on appeal that the trial court erred in weighing the evidence in favor of Home USA. However, because there is no transcript of the bench trial, this court is unable to determine that the evidence was insufficient to support the verdict. *See Irick v. Jones*, 389 So. 3d 753, 754 (Fla. 2d DCA 2024) (holding that where there is no transcript of a bench trial, this court has "no basis to evaluate the factual underpinnings of the trial court's facially correct legal conclusion").[1]

An appellant has "[t]he burden to ensure that the record is prepared and transmitted." Fla. R. App. P. 9.200(e). In an order dated March 28, 2025, this court reminded the Gaineses of their burden and gave them an opportunity to make arrangements with the clerk of circuit court to supplement the record with the trial transcript or prepare a statement of the proceedings pursuant to rule 9.200(b)(5) if a transcript is unavailable. They did neither.

On April 18, 2025, the Gaineses filed a motion with this court asking for a sixty-day continuance because the company "hired by *Appellee(s)* have failed to produce the Transcripts." (Emphasis added.) On May 7 this court issued another order giving the Gaineses until May 27 to file the transcript with this court and informing them that if the

---

[1] Although the Gaineses also argue that Home USA violated federal and state consumer protection laws and made fraudulent misrepresentations, they do not set forth any facts supporting these claims in their briefs. *See Johnson v. Wal-Mart Stores E., LP*, 389 So. 3d 705, 708 n.1 (Fla. 5th DCA 2024) ("It is not a court's role to scour the record for facts or arguments that a party could have raised in the trial court or on appeal."), *review denied*, No. SC2024-1108, 2024 WL 4370566 (Fla. Oct. 2, 2024).

transcript was not filed by that date, this case would be considered on the current record.

On May 23 the Gaineses filed a "Motion for Show Cause" arguing that Home USA has not provided the transcript after they had requested it several times. In their motion, the Gaineses insist that Home USA was required to provide the trial transcript. This is incorrect. As they were informed by this court's March 28 order, it was their duty and responsibility "to provide the appellate court with a record sufficient to review the matter assigned as error." *See Miranda v. RBS Citizens, Nat'l Ass'n,* 253 So. 3d 746, 748 (Fla. 3d DCA 2018) (quoting *S. Fla. Apartment Ass'n v. Dansyear,* 347 So. 2d 710, 711 (Fla. 3d DCA 1977)). Moreover, the Gaineses have provided no specific information establishing why they were unable to obtain the transcript or a copy of it from the company that purportedly generated the transcript or could generate it and what efforts they made to obtain it from the company.

Affirmed.


BLACK and MOE, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.