DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARLOS PANTOJA,**
Appellant,

v.

**THE BANK OF NEW YORK MELLON,**
Appellee.

No. 4D2024-2894

[May 6, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Christopher W. Pole, Judge; L.T. Case No. 062022CA013422AXXXCE.

Benjamin Weissman, David M. Chico, and Bryana Connors of Chico, Connors and Weissman, Celebration, for appellant.

Anthony J. Calenzo of Troutman Pepper Locke, Atlanta, GA, for appellee.

PER CURIAM.

*Affirmed.*

KUNTZ, C.J., and MAY, J., concur.
SHERMAN, JAMES, Associate Judge, concurs with separate opinion.

SHERMAN, JAMES, Associate Judge, concurring.

This case concerns an appeal by Homeowner from a judgment for Mortgage Holder following a non-jury foreclosure trial. I agree the judgment should be affirmed, and write separately to address an issue that warrants consideration given the prevalence of Zoom evidentiary hearings and trials: the viability of an appeal raising only the failure to file the evidence with the clerk and the proper procedure for correcting that omission.

The Bank of New York Mellon ("Mortgage Holder") sued Carlos Pantoja ("Homeowner") seeking foreclosure of a residential mortgage. The case

went to a non-jury trial. Mortgage Holder's counsel informed the trial court that he had served a copy of all his exhibits on Homeowner's attorney.

The proceeding was conducted in a hybrid manner, meaning that Mortgage Holder appeared by Zoom and Homeowner appeared in person. The trial transcript reflects that Mortgage Holder offered its exhibits into evidence and the request was granted. During the trial, the court stated it possessed the original note. Nothing in the record indicates that the trial court did not see or review the exhibits. Homeowner did not object that the exhibits were not being shown or presented. Homeowner defended the case on the lone theory that Mortgage Holder forgave the debt as a gift.

Unsurprisingly, the court found Homeowner's position implausible. At the trial's conclusion, the court ruled for Mortgage Holder. Given the proceeding's hybrid nature, Mortgage Holder may have been expected to submit physical or digital copies of the evidence to the clerk for filing, which Mortgage Holder failed to do.

Homeowner raises two points on appeal, both of which focus on the alleged failure to file the evidence introduced at trial with the clerk. To be clear, Homeowner does not contend on appeal that the exhibits were never presented at trial or ruled upon by the judge—only that Mortgage Holder did not file the exhibits into the record after the trial concluded. Homeowner argues that "[t]he failure to provide the evidence to the clerk is functionally the same as the failure to introduce evidence at all."

I do not believe the failure of a party to file the documentary evidence in the record below, in itself, can serve as an independent basis for appellate review for two reasons. First, the primary purpose of maintaining the record below is to facilitate appellate review of errors that occur in the trial court. If the failure to maintain the record is not coupled with a claim of substantive or procedural error, the failure is necessarily harmless.

Second, the trial and appellate rules provide avenues for remedying the failure by either filing a motion for rehearing below under Florida Rule of Civil Procedure 1.530 or a motion to correct the record on appeal under Florida Rule of Appellate Procedure 9.200(f). Although Rule 1.530(e) relieves a party from the necessity of filing a post-trial motion in a non-jury action to challenge "the sufficiency of the evidence to support the judgment," a stand-alone claim such as the one presented here does not challenge the sufficiency of the evidence; it only identifies a clerical error.

2

A timely post-trial motion would have obviated the need for this appeal entirely, as would have a motion to relinquish jurisdiction to the trial court to correct the omission.

If a trial court determines the record is destroyed or cannot be corrected, then an appellant may have a proper claim of error if the inadequate record prevents review of a substantive or procedural claim. *See Werner v. Harper*, 328 So. 2d 511 (Fla. 1st DCA 1976) (remanding for new trial where inability to reconstruct a full record prevented review of evidence that would have "materially influenced" the court's opinion).

The law places the burden to present an adequate record for appellate review squarely on an appellant's shoulders. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979); *Bolick v. Sperry*, 82 So. 2d 374, 376 (Fla. 1955) ("Under our system of procedure the burden is always upon the appellant to make reversible error clearly appear."). Appellants have the means to fulfill their obligation through the Florida Rules of Civil Procedure and the Florida Rules of Appellate Procedure and must avail themselves of those procedures. *Compare Miranda v. RBS Citizens*, 253 So. 3d 746, 748-49 (Fla. 3d DCA 2018) ("[B]ecause Appellants did not first attempt to reconstruct the record pursuant to Rule 9.200(b)(4), they have not laid the proper foundation to now argue that they are entitled to a new trial due to the trial transcript . . . being lost through no fault of their own."). For those reasons, I believe the failure to file admitted evidence into the record below cannot stand as an independent claim of error.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***